### FLEISCHMANN CO. v. MURRAY et al.

### WILSON DISTILLING CO. et al. v. SAME.

(Circuit Court, D. South Carolina. March 27, 1908.)

COURTS—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A federal court in a suit before it involving rights of the complainants under a state statute is not bound to adopt a construction placed upon such statute by the Supreme Court of the state after complainants' rights had accrued, and subsequent to their determination by the federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 956, 957.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468.]

In Equity.

J. Fraser Lyon, Atty. Gen., W. F. Stevenson, Anderson, Felder, Rountree & Wilson, and Abney & Muller, for complainants.

Mordecai & Gadsden, Rutledge & Hagood, George B. Lester, Frank Carter, and Alf. S. Barnard, for defendants.

PRITCHARD, Circuit Judge. This is a motion to vacate injunction and receivership orders on the ground that they are predicated upon an interpretation of the act of 1907 (25 St. at Large, p. 835) as amended by the Legislature of 1908 (Act Feb. 24th) in conflict with the interpretation thereof by the Supreme Court of South Carolina, in the case of The State of South Carolina, ex rel. J. Fraser Lyon, as Attorney General, Petitioner, v. W. J. Murray et al. (decided March 14, 1908) 60 S. E. 928. As a general rule, this court will adopt the construction which the state court puts upon a state statute. This is especially true as affecting the court's decision in respect to a rule of property.

The questions involved in this motion were determined by this court in an opinion rendered on the 29th day of February, 1908, in which, among other things, it was held that the act authorizing the appointment of the defendants as commissioners to settle and adjust the outstanding indebtedness incurred by the State Dispensary created the fund in their hands a trust fund for the benefit of the complainants, and that the acceptance of the same by the defendants constituted them trustees holding such fund for the purposes contemplated by the statute. The court having considered the opinion of the Supreme Court of South Carolina, which holds that this is a suit against the state and therefore inhibited by the eleventh amendment, is of opinion that this court is not bound by the principles enunciated therein, inasmuch as such opinion was rendered subsequent to the decision of this court and necessarily involves a construction of the Constitution of the United States.

In the case of Burgess v. Seligman, 107 U. S., page 33, 2 Sup. Ct., page 21 (27 L. Ed. 359), among other things, the court says:

"We do not consider ourselves bound to follow the decision of the state court in this case. When the transactions in controversy occurred, and when the case was under the consideration of the Circuit Court, no construction of the statute had been given by the state tribunals contrary to that given by the Circuit Court. The federal courts have an independent jurisdiction in the administration of state laws, co-ordinate with, and not subordinate to, that of the state courts, and are bound to exercise their own judgment as to the meaning and effect of those laws. * * * So, when contracts and transactions have been entered into, and rights have accrued thereon under a particular state of the decisions, or when there has been no decision, of the state tribunals, the federal courts properly claim the right to adopt their own interpretation of the law applicable to the case, although a different interpretation may be adopted by the state courts after such rights have accrued. * * * In the present case, as already observed, when the transactions in question took place, and when the decision of the Circuit Court was rendered, not only was there no settled construction of the statute on the point under consideration, but the Missouri cases referred to arose upon the identical transactions which the Circuit Court was called upon, and which we are now called upon, to consider. It can hardly be contended that the federal court was to wait for the state courts to decide the merits of the controversy and then simply register their decision; or that the judgment of the Circuit Court should be reversed merely because the state court has since adopted a different view."

Also, in the case of Pease v. Peck, 18 How. 599 (15 L. Ed. 518), the court says:

"When the decisions of the state court are not consistent, we do not feel bound to follow the last, if it is contrary to our own convictions; and much more is this the case, where, after a long course of consistent decisions, some new light suddenly springs up, or an excited public opinion has elicited new doctrines, subversive of former safe precedent. Cases may exist, also, when a cause is got up in a state court for the very purpose of anticipating our decision of a question known to be pending in this court. Nor do we feel bound in any case in which a point is first raised in the courts of the United States, and has been decided in a Circuit Court, to reverse that decision contrary to our own convictions, in order to conform to a state decision made in the meantime. Such decisions have not the character of established precedent declarative of the settled law of a state."

This court entertains the highest regard for the Supreme Court of South Carolina and the greatest respect for its decisions, but

its opinion in this instance being rendered after the rights of the complainants had accrued under the act, and subsequent to a determination by this .court of the questions involved in a suit brought by the complainants, the court does not feel justified in adopting the opinion of that court as controlling in this particular case. If the Court had any doubt as to the correctness of its ruling, it would gladly yield to the decision of the state court, but having no such doubt, the motion of defendants is overruled.

At the time the opinion was announced in this case, among other things, the court stated that if application should be made for the payment of the $15,000, appropriated by the Legislature for the state of South Carolina for the prosecution of parties charged with violation of law in connection with the management of the State Dispensary, that it would gladly authorize the same.

Inasmuch as it appears there will be funds amply sufficient to pay all debts and liabilities of the Commission after the payment of this amount, and in order that the state may not be embarrassed in its prosecution of those who may have violated its laws, the court will, of its own motion, sign an order authorizing the payment of the said amount to the Attorney General.