282 U.S. 545
 51 S.Ct. 275
 75 L.Ed. 528
 CONCORDIA INS. CO. OF MILWAUKEE
v.
 SCHOOL DIST. NO. 98 OF PAYNE COUNTY, OKL., and three other cases.
 Nos. 278-281.
 Argued Jan. 15, 1931.
 Decided Feb. 24, 1931.
 
 Mr. F. A. Rittenhouse, of Oklahoma City, Okl., for petitioners.
 [Argument of Counsel from page 546 intentionally omitted]
 Mr. Frank G. Anderson, of Oklahoma City, Okl., for respondent.
 Mr. Justice SUTHERLAND delivered the opinion of the Court.
 
 
 1
 These cases, involving identical questions. arose in the state of Oklahoma and were removed from a state court to a federal district court where they were consolidated and tried. They were brought to recover upon separate policies of insurance issued by the petitioners, respectively, for loss and damage sustained by fire. A jury in the trial court found the issues in favor of respondent, and judgment was entered for the amount of the verdict with an additional sum for interest from the date when the liability accrued Upon appeal to the Circuit Court of Appeals, that court struck from the transcript the bills of exceptions, and the consolidated causes were disposed of as upon demurrers to the amended complaints. 40 F.(2d) 379.
 
 
 2
 Certiorari from this court (282 U. S. 817, 51 S. Ct. 34, 75 L. Ed. —) was asked upon two grounds: (1) That the court below had construed a statute of Oklahoma, relating to the allowance of interest, contrary to the construction but upon it by the state Supreme Court; and (2) that there was a conflict between the decision below and one rendered by the Circuit Court of Appeals for the Eighth Circuit in respect of the contention that the requirement contained in the policies that proofs of loss must be furnished within sixty days could not be waived, except in writing.
 
 
 3
 We consider these grounds in the reverse order.
 
 
 4
 First. Each of the policies provided that in case of fire immediate notice in writing of any loss should be given to the company, and within sixty days a statement should be rendered, signed, and sworn to by the insured, setting forth the time and origin of the fire, the interest of insured and others in the property, the cash value of the items and amount of loss upon each, and other particulars; that the company should not be held to have waived any provision or condition of the policy by any requirement, act, or proceeding on its part relating to the appraisal, or any examination provided for; that the loss should not become payable until sixty days after the notice, ascertainment, estimate, and proof of loss had been received by the company, including an award by an appraiser when appraisal had been required; that no person, unless duly authorized in writing, should be deemed an agent of the insurer in any matter relating to insurance; that no officer, agent, or other representative should have power to waive any provision or condition of the policy except such as by the terms of the policy might be the subject of agreement indorsed thereon or added thereto; and that no waiver should be effective unless written upon or attached to the policy.
 
 
 5
 The complaints contained pleas of waiver and estoppel, the substance of which we adopt from the opinion of the court below:
 
 
 6
 'The amended complaints alleged that on January 2, 1926, and within two or three hours after the fire had destroyed the building and furniture and fixtures therein, the plaintiff notified appellants' agents of the fire and the extent of the damage and destruction, with the request that they notify their companie. T hat within two or three days thereafter the appellants selected named persons to represent them and authorized such persons to investigate the fire and make estimates as to the value of the property destroyed and settle for the loss; that these adjusters for the insurers visited the scene of the fire and made examinations as to the value of the property destroyed and the circumstances surrounding the fire, and had plaintiff furnish them with the items of the property destroyed, the plans and specifications of the building, which plaintiff furnished, and requested plaintiff to furnish assistance to a building contractor selected and appointed by the insurers and their adjusters, who was to make estimates of the value of the property destroyed and collect information as to its condition at the time of the loss; that thereafter on the 27th day of February, 1926, which was the 56th day after the fire, the said adjusters and the members of the plaintiff's board of trustees held a meeting at the scene of the fire; that said building contractor was at said meeting; that said meeting was held for the purpose of discussing the settlement and adjustment of the loss sustained by plaintiff; that thereupon all of the insurers, acting through their said adjusters and agents, stated to plaintiff's board that they had made full and complete investigation as to the fire and the market value of the building and furniture and fixtures therein destroyed by said fire and had obtained all and the correct information thereon, that there was no question as to the loss upon the furniture and fixtures in the sum of $3,400.00 and that appellants were then and there ready to pay plaintiff that sum for its loss on the furniture and fixtures; that said insurers, through their adjusters and agents, at the same time stated that said building was overvalued and could be replaced for the sum of approximately $53,000, and then offered the sum of approximately $56,000 as full payment for all of the loss to both said buildings and furniture and fixtures destroyed; that plaintiff declined to accept said amount and requested the insurance companies, through their adjusters, to replace said building, this however the insurers refused to do; that plaintiff's board at said meeting contended that the value of the building was $75,000; that the value of the building and its replacement cost were the only matters discussed as to which there was any disagreement; no objection was made at any time that proofs of loss had not been furnished by the plaintiff and there was no request for the same; that the insurers at said meeting, by their conduct in offering to pay the full amount of insurance upon the furniture and fixtures and in offering to pay the sum of $53,000 for the loss of the building, led the plaintiff to believe that the only matter in dispute was the market and replacement value of the building, the appellants contending on the one hand that the market and replacement value was the sum of $53,000 and the plaintiff contending that the value was $75,000, and that by reason of the facts stated appellants waived the furnishing of proofs of loss in strict accordance with the provisions of the policies and are estopped to set up and claim such failure to furnish proofs; that appellants, through the examinations and efforts of their adjusters and the assistance of plaintiff's board rendered at the request of the adjusters obtained all the information which could have been obtained had proof of loss been furnished in strict conformity to the policies and the said adjusters led the plaintiff to believe that they had all the information desired with reference to said loss.'
 
 
 7
 Upon demurrer these allegations must be taken as true. And, unless the stipulation contained in the policy that any waiver to be effective must be written upon or attached to the policy stands in the way, it is clear that the facts alleged are sufficient to constitute a waiver of, or, what amounts to the same thing, an estoppel against setting up, the condition rqui ring verified proofs of loss to be furnished within sixty days. See Firemen's Ins. Co. v. Brooks (C. C. A.) 32 F.(2d) 451, 452, 65 A. L. R. 909; Continental Ins. Co. v. Fortner (C. C. A.) 25 F.(2d) 398, 401, et seq. Cf. Insurance Co. v. Wolff, 95 U. S. 326, 333, 24 L. Ed. 387. That the stipulation does not stand in the way is settled by the great preponderance of federal and state decisions. The rule deducible from these authorities is that such a stipulation has reference to those provisions and conditions which constitute part of the contract of insurance, and does not apply to a waiver, after the loss occurs, of stipulations in respect of things to be done subsequent to the loss as prerequisites to adjustment and payment. It is enough to cite, as examples Continental Ins. Co. v. Fortner, supra, 25 F.(2d) page 402; Home Ins. Co. v. Hightower (C. C. A.) 22 F.(2d) 882, 885, 62 A. L. R. 620; Twin City Fire Ins. Co. v. Stockmen's Nat. Bank (C. C. A.) 261 F. 470, 476.
 
 
 8
 With some exceptions, the cases decided by this Court, relied upon by petitioners (e. g., Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140), merely apply the familiar principle that parol proof may not be received to vary the terms of a written instrument; and nothing in any of them is in conflict with, the rule as above stated. Scottish Union & Nat. Ins. Co. v. Encampment Smelting Co. (C. C. A.) 166 F. 231, supports petitioners' contention; and it was because of the conflict created by that case that the certiorari here was granted. We cannot accept the theory of that case. It is out of harmony with the general current of authority, and with the views we have expressed. A late decision of the Circuit Court of Appeals for the Eighth Circuit clearly indicates that, if the same question were again before that court, the Scottish Union Case would not be followed. Hartford Fire Ins. Co. v. Empire Coal Min. Co., 30 F.(2d) 794, 802.
 
 
 9
 Second. The trial court allowed interest upon the amount of the loss beginning sixty days from the last date upon which proofs of loss were due under the terms of the policies. The contention is that the allowance of interest in a case of this kind is controlled by section 5972, Compiled Oklahoma Statutes, 1921, and that that statute as construed by the State Supreme Court does not allow interest prior to the rendition of judgment. The section referred to reads:
 
 
 10
 'Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.'
 
 
 11
 The general rule that a federal court will follow the decisions of the highest court of a state construing a state statute is, of course, well established. The difficulty here is that, prior to the judgment of the federal district court in this case allowing interest, the decisions of the Supreme Court of Oklahoma were in such confusion that the view of that court in respect of the meaning of the statute, as applied to the present case, could not definitely be determined.
 
 
 12
 In City of Chickasha v. Hollingsworth et al., 56 Okl. 341, 155 P. 859, it was held that interest could not be recovered upon unliquidated damages where a judgment on verdict was necessary in order to ascertain the amount; and that decision was followed in St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okl. 269, 180 P. 702, where the action was under a hail insurance policy to recover for damages to a crop of cotton. On the contrary, in City of Oklahoma City v. Hoke, 75 Okl. 211, 182 P. 692, it was held that, in an action for the destruction of crops due to an overflow caused by the maintenance of a dam, damages and interest from the time of the injury must be allowed on the ground that the value of the property destroyed was susceptible of computation. And again in Hartford FireIns urance Co. v. Bernard, 99 Okl. 44, 221 P. 1011, in an action upon a fire insurance policy for unliquidated damages, it was held that, since the amount could be ascertained by calculation based on the reasonable market value of the property insured, interest should be allowed from the them when the insurance company should have satisfied the claim. In the still later case of Midland Valley R. Co. v. Price, 127 Okl. 106, 260 P. 26, where the action was for death of cattle caused by the negligence of a common carrier, and damage for the loss was based on the market value, it was held that interest was recoverable from the date of the injury.
 
 
 13
 From an examination and comparison of these cases and others it is evidence that the federal trial court could not say that the State Supreme Court definitely had so construed the statute as to deny to the insured the right to recover interest from the date when payment for the loss should have been made; and the federal court was free to construe the statute for itself.
 
 
 14
 Petitioners, however, rely upon American Eagle Fire Ins. Co. v. Lively, 142 Okl. 246, 286 P. 797, 799, as finally having settled the question in harmony with their contention. Whether it does so is, at least, doubtful. The action there was upon a fire insurance policy. the property destroyed consisting mostly of library books and some household furniture. In disposing of the question of interest the court said:
 
 
 15
 'Considering the nature of the property destroyed and the difficulty in ascertaining the actual or fair value thereof, we think interest should not have been allowed until the claim was reduced to judgment.'
 
 
 16
 Assuming this to be a correct exposition of the statute as applied to that case, it does not follow, in the light of some of the other decisions digested above, that the same rule would be applied to the destruction of a house, the replacement or fair value of which could be ascertained without much difficulty. But that inquiry may be put aside, since the decision was handed down on April 8, 1930, more than a year after the present judgment had been entered by the federal district court, and whatever may be the prospective effect of this last decision it cannot be given a retroactive effect in respect of the judgment of the federal district court so as to 'make that erroneous which was not so when the judgment of that court was given.' Morgan v. Curtenius et al., 20 How. 1, 3, 15 L. Ed. 823; Pease v. Peck, 18 How. 595, 598, 15 L. Ed. 518; Roberts v. Bolles, 101 U. S. 119, 128-129, 25 L. Ed. 880; Burgess v. Seligman, 107 U. S., 20, 35, 2 S. Ct. 10, 27 L. Ed. 359; Edward Hines Trustees v. Martin, 268 U. S. 458, 45 S. Ct. 543, 69 L. Ed. 1050; Fleischmann Co. v. Murray (C. C.) 161 F. 162.
 
 
 17
 The Circuit Court of Appeals thought that the matter of interest was controlled by section 5977, Compiled Oklahoma Statutes 1921, which provides:
 
 
 18
 'The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.'
 
 
 19
 Here the insurance companies had admitted their liability in the sum of $3,400 for furniture and fixtures and in the sum of $53,000 for the building, the latter amount being based upon what they insisted would be the cost of replacement. The only dispute between the parties was as to the latter item. Respondent contended that the value of the building was $75,000, but expressed a willingness and desire to have petitioners make the replacement. Under the terms of the insurance surance contracts the companies became liable to pay the amount of the loss not later than sixty days after proof of loss, or within one hundred and twenty days in all from the date of the loss. In the light of these facts it is immaterial whether section 5972 or section 5977 be invoked. In the absence of an authoritative state decision to the contrary, there was nothing in either which required the trial court in rendering its judgment to depart from the rule in respect of the allowance of interst which this court had recognized, namely, that, even in a case of unliquidated damages, 'when necessary in order to arrive at fair compensation, the court in the exercise of a sound discretion may include interest or its equivalent as an element of damages.' Miller v. Robertson, 266 U. S. 243, 257-259, 45 S. Ct. 73, 78, 69 L. Ed. 265, and cases cited. See, also, Standard Oil Co. v. United States, 267 U. S. 76, 79, 45 S. Ct. 211, 69 L. Ed. 519; Bernhard v. Rochester German Ins. Co., 79 Conn. 388, 397, 65 A. 134, 8 Ann. Cas. 298. Under the facts disclosed by the record, the principles established by these decisions fully justified the allowance of interest made by the district court in this case.
 
 
 20
 Judgment affirmed.