### GENERAL MOTORS ACCEPTANCE CORPORATION v. AMERICAN INS. CO.
No. 6070.

Circuit Court of Appeals, Fifth Circuit.
June 22, 1931.
Rehearing Denied August 5, 1931.

804

R. W. Shackleford and N. B. K. Pettingill, both of Tampa, Fla., for appellant.

T. A. Hammond, of Atlanta, Ga., and Alston Cockrell, of Jacksonville, Fla. (Smith, Hammond, Smith & Bloodworth, of Atlanta, Ga., and Cockrell & Cockrell, of Jacksonville, Fla., on the brief), for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The General Motors Acceptance Corporation brought suit against the American Insurance Company to recover some $14,000 on a dealer's open fire policy covering a number of automobiles, issued to J. N. Ackley and assigned to it after the loss. The case was tried to a jury, and at the close of the evidence for plaintiff a verdict was directed for defendant. Various errors assigned will be referred to in the course of the opinion.

We will not stop to review the errors assigned to rulings on the pleadings. After settlement of the pleadings the issues presented were these. Plaintiff (appellant), in substance, alleged the amount of the loss and annexed a list of the cars destroyed, giving details as to value, make, condition, serial numbers, etc. It further alleged that notice of the fire had been promptly given and proofs of loss had been furnished to defendant within sixty days after the fire, as required by the policy. Plaintiff also pleaded waiver and estoppel as to the furnishing of proofs of loss, based on allegations that the insured had furnished proofs of loss, intended to be a compliance with the terms of the policy; that the defendant had retained them without objection; and that an adjuster representing the defendant, after making full investigation of the fire, within the time allowed by the policy for furnishing proofs of loss, had advised the insured that the defend-

ant had all the knowledge necessary to determine its liability and no further proofs of loss were necessary.

Defendant denied that there was any loss; denied that proper proofs of loss as required by the policy had been furnished at all; denied the authority of the adjuster to bind it by waiver or estoppel; and relied upon the usual clause of the policy to the effect that no waiver of any provision of the policy would be valid unless written in or attached to the policy.

At the trial complete destruction of the automobiles covered by the policy and their value was shown without dispute, and also that prompt notice of the fire had been given to the local agent of the defendant and he in turn had notified his principal. Plaintiff then endeavored to show the making and delivery of proofs of loss and the following proceedings occurred.

Ackley, the insured, was permitted to testify that about two weeks after the fire he prepared a document, assisted by Schuyler, an engineer and adjuster, and his secretary, Mrs. Newland, and that it was mailed to defendant. He also testified that he usually kept copies of letters and had made diligent search for a copy of this letter but was unable to find it. He then attempted to testify that the document was intended to be and was believed by him to be a proof of loss complying with the policy. An objection that the document was the best evidence was sustained. Counsel for defendant were then asked to produce the proofs of loss and stated they did not have them in court and had never seen any such document. The court denied the motion to produce. Counsel for plaintiff then offered to prove by the witness on the stand (Ackley) that within two or three weeks after the fire he made a list of cars with other data; that it was signed and executed by him; that it was mailed in a letter duly sealed and stamped, addressed to the defendant; and that it was intended to be and was in the best judgment of the insured a compliance with the terms of the policy as to proof of loss. An objection to this offer was sustained. Thereafter, Mrs. Newland was permitted to testify that she assisted in the preparation of a proof of loss in connection with Ackley and Schuyler; that it was taken from the records and compared with the list of cars; that it was written out on the typewriter by herself and sworn to by Ackley before a notary; that she inclosed it in the letter which she stamped and mailed herself to the American Insurance Company,

at Newark, N. J. On motion of defendant her testimony to the effect that the document was a proof of loss and sworn to was stricken out.

Errors are assigned to the various adverse rulings of the court above noted, except as to the denial of the motion to require defendant to produce the proofs of loss. The defendant presents certain objections to the consideration of these assignments.

■ Defendant contends that the only way that plaintiff could have secured the proofs of loss, alleged to be in the possession of defendant, would have been by rule, returnable before the trial, under the provisions of Revised Statutes, § 724 (28 USCA § 636). The suggestion seems to be implied that, not having followed that method to secure the best evidence, plaintiff was precluded from offering secondary evidence. It is doubtful that the section has any application to the case. Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842. But the method provided by that section is not exclusive. It is usually sufficient to call for the production of a relevant document, admittedly in the possession of the other side, at any time during the trial, if the notice is reasonable. Where the possession of the document is denied, the question of notice becomes immaterial and secondary evidence is admissible. The contention is without merit.

■ It is also contended by defendant that the offer to prove by a witness on the stand the mailing of a letter to defendant and its contents was not a proper way to raise the question of the admissibility of such evidence; that questions should have been asked the witness, objections made, and exceptions noted to the exclusion of the answers. It is further contended that no exception was noted to the exclusion of part of Mrs. Newland's testimony.

Of course, it is the usual and proper practice to interrogate a witness, to object to the question, stating the grounds of objection, and to except to an adverse ruling. This is generally necessary to in fairness advise the court and to permit a correction of what otherwise might be error. However, in this case it would have been useless to further interrogate the witness Ackley and would have needlessly wasted the time of the court. The question could not have been more squarely presented. On this point it appears from the record that an exception was noted to the ruling of the court. With regard to the exclusion of part of Mrs. Newland's testimony

it appears from the record that objection was made thereto by plaintiff. When a witness has testified fully, the noting of an objection to the ruling of the court striking out part of the testimony is equivalent to an exception. Mere technicalities not affecting the substantial rights of the parties have no place in federal practice. The record is sufficient upon which to predicate error to the rulings of the court on these two questions.

■ It appears from the evidence above quoted that there was undisputed evidence before the court that a letter had been mailed to the defendant, properly stamped and addressed. This created a presumption of fact that it had been received, sufficient to go to the jury although the receipt of the letter was denied. Rosenthal v. Walker, 111 U. S. 185, 4 S. Ct. 382, 28 L. Ed. 395. Having made a prima facie showing as to the dispatch and receipt of the letter, it is an elementary rule of evidence that plaintiff was then entitled to prove the contents of the letter by secondary evidence consisting of the best evidence within its power to produce. A satisfactory showing was made that a copy could not be found. Therefore, parol evidence was admissible. Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390. No particular form of proof of loss is required. A substantial compliance with the provision of the policy is all that is necessary. If the proof tendered gives sufficient information to enable the insurer to determine its liability and it is sworn to, it is usually sufficient. O'Brien v. North River Ins. Co. (C. C. A.) 212 F. 102, L. R. A. 1917C, 722; Globe & Rutgers Ins. Co. v. Prairie Oil & Gas Co. (C. C. A.) 248 F. 452; Liverpool & London & Globe Ins. Co. v. Dillon (C. C. A.) 16 F.(2d) 774. It well might be that the document mailed was sufficient. If not, that fact could readily have been determined on cross-examination. It was error to exclude the evidence tendered to show that proofs of loss had been furnished.

In support of the pleas of waiver and estoppel, Ackley testified, in substance, that Bowers presented himself as an adjuster representing the American Insurance Company; that at Bowers' request he executed a nonwaiver agreement; that Bowers, Schuyler, and himself went over the records taken from the files of his firm; that they went to the place where the garage was burned and rechecked the numbers of the cars from their records; that Bowers said the checking was O. K. except one car, the number of which did not correspond with the certificate of in-

surance; that Bowers said the cars were badly burned and destroyed; that Bowers checked over and made a list of all the cars burned and the amount of insurance covered by the certificates; that he asked Bowers if there was anything else he wanted; that Bowers told him that he had all that was necessary, and that he then told Bowers that if there was anything else to let him know and he would be glad to furnish it; that this was after the proofs of loss had been mailed. It is not disputed that Bowers was the adjuster of the loss representing the defendant. He took the stand to testify as to his employment and did not deny the conversation between himself and Ackley as outlined above.

It is settled that a clause in a policy of insurance requiring any waiver of its provisions to be in writing, indorsed on or attached to the policy, does not apply to waivers claimed from circumstances arising after the loss. Daniel v. Fireman's Fund Ins. Co. (C. C. A.) 46 F.(2d) 784; Concordia Ins. Co. v. School District, 282 U. S. 545, 51 S. Ct. 275, 75 L. Ed. 528.

The weight of authority is to the effect that an adjuster authorized to investigate and adjust a loss has authority to waive proofs of loss. Cooley's Briefs on Insurance (2d Ed.) vol. 5, p. 3987; Twin City Fire Ins. Co. v. Stockmen's Nat. Bank (C. C. A.) 261 F. 470; Firemen's Ins. Co. v. Brooks (C. C. A.) 32 F.(2d) 451, 65 A. L. R. 909. It is also the rule that, in certain cases, depending on the facts, the retention of proofs of loss without objection may amount to a waiver and estoppel. Hartford Fire Ins. Co. v. Empire Coal Mining Co. (C. C. A.) 30 F. (2d) 794. Regardless of the rulings on evidence, the questions of waiver and estoppel were clearly for the jury. It was error not to submit them.

The errors indicated above are substantial and prejudicial. It is unnecessary to consider other assignments of error.

Reversed and remanded.