## NORTHWESTERN CASUALTY & SURETY CO. v. PIKE & KRAMER.

### Nos. 6231, 6232.

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1931.

J. W. Gormley, of Dallas, Tex., for appellant.

Murphy W. Townsend and R. G. Scurry, both of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, a corporation engaged in business as a jeweler in Dallas, insured its stock of goods in the sum of $15,000 with appellant against loss by robbery. In its application for the policy appellee represented that it had not sustained any loss similar to that insured against within five years; and agreed that appellant should not be liable for any loss of merchandise resulting from the unlawful breaking of show windows from the outside of the premises. Robbery, within the meaning of the policy, was limited to the felonious and forcible taking of property by violence or the putting in fear of violence. It is undisputed that within five years appellee had sustained a loss as a result of the unlawful breaking of show windows, or "window-smashing" as it is called, by persons operating from outside the store. The policy contained the usual clauses requiring immediate notice of loss, and within sixty days a sworn proof of loss containing a complete inventory of all property taken and showing the original cost and actual cash value of each article at the time of the loss. It also declared that the delivery or withholding of any form, or the receipt or retention of any proof by appellant, or any act of appellant or its representatives in the investigation of any claim, should not waive any of its rights. A loss having occurred, and appellant having denied liability, appellee brought its action at law on the policy, anticipating in its petition the defense that proof of loss had not been furnished within sixty days after loss, and seeking to meet that defense by alleging a waiver. Appellant relied on the defense so anticipated to defeat the action, and pendente lite filed its bill in equity to cancel the policy, alleging fraud and misrepresentation in that part of the application which represented that appellee had not sustained any loss similar to that insured against within five years. The district judge held that the earlier policy which insured against loss occasioned by the unlawful breaking or smashing of windows was not similar to the policy in suit which provided against loss by robbery, and thereupon dismissed appellant's bill of complaint. The action at law then came on for trial; and at the close of all the evidence, both parties having moved for a directed verdict, the court instructed the jury to find for appellee. The amount of the verdict and judgment was approximately $14,500, which represented three-fifths of the total loss claimed, as there was in force another policy of robbery insurance for $10,000, issued by a different insurance company.

There was evidence for appellee that two men, armed with deadly weapons, entered the store about noon and robbed it while they held those in charge of it at bay by threats of

violence. On the question of waiver the evidence disclosed that sworn proof of loss was not furnished sixty days of the loss, but that notice of loss was given immediately, and within a short time, much less than sixty days, sworn statements as to the robbery, as to the original cost, and as to the cash value of each article lost, were furnished upon request to appellant's local agent and to its adjuster. Repeated requests were made by appellee both to the agent and to the adjuster for a form upon which proof of loss could be made. The adjuster had actual authority to settle losses that did not exceed $500, and to investigate and report to appellant upon losses irrespective of the amount involved. He was given free access to appellee's books of account and repeatedly stated that he would get a form of proof of loss from his principal, though none was delivered, but that failure to make such proof would not prejudice appellee's claim, as the only question being investigated was the adjustment of the amount to be paid by each of the two companies which had written the insurance, and that the adjusters of these two companies were going to handle the loss jointly. The statements submitted to the adjuster were in fact transmitted to the home office of appellant, and it did not at any time request a formal proof of loss.

█ We are of opinion that there was no fraud or misrepresentation made in the application for the policy sued on. If it under other circumstances could be said to be similar to the previous policy insuring against the unlawful breaking of show windows, those two policies should not be held to be alike or similar in this case, because the instant policy was not only limited to robbery as distinguished from burglary, but it was distinctly agreed that for burglary or the unlawful breaking of windows without violence appellant should not be liable. In view of the positive exclusion under the terms of the policy of the kind of insurance which appellee previously had, it clearly appears that there was no misrepresentation, and much less was there any fraud, in appellee's statement that it had not sustained any loss within five years similar to that insured against here. It therefore was not error to refuse to cancel the policy.

█ On the other question, whether appellant waived formal proof of loss, the evidence was sufficient to authorize the trial court to direct a verdict for appellee, especially in view of the fact that each side moved for a directed verdict. Whatever actual au-

thority was vested in the adjuster, he had the apparent authority to settle the loss and to waive the requirement as to formal sworn proof of loss. Appellant is not now in position to insist upon such proof, because it had in its possession within sixty days all the information to which it was entitled, and raised no objection to the method or manner of furnishing it. The evidence is entirely consistent with the theory that the adjuster did in fact transmit appellee's request for the form upon which to make proof. It is now settled that the waiver relied on did not have to be written upon or attached to the policy, since it relates to a matter that occurred after the loss and does not affect a provision or condition which constitutes a part of the contract of insurance. Concordia Ins. Co. v. School District, 282 U. S. 545, 51 S. Ct. 275, 75 L. Ed. 528. We are of opinion that under the just-cited case the waiver, which it is shown by appellee's evidence the adjuster made, is binding upon appellant.

The judgment in No. 6231, and the decree in No. 6232, are, and each of them is, affirmed.