HARTFORD FIRE INS. CO. v. KISER.
No. 3418.

Circuit Court of Appeals, Fourth Circuit.
April 4, 1933.

Estes Doremus, of Atlanta, Ga., and Joseph L. Nettles, of Columbia, S. C. (Spalding, MacDougald & Sibley, of Atlanta, Ga., and R. M. Jefferies, of Walterboro, S. C., on the brief), for appellant.

J. M. Moorer, of Walterboro, S. C. (Padgett & Moorer, of Walterboro, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action instituted on a policy of fire insurance. A number of defenses were asserted in the court below, but the only one of these presented by the appeal is that proofs of loss were not furnished within the time limited by the policy. This point is raised by the exception to the refusal to direct a verdict in favor of the plaintiff and by the exception to the portion of the court's charge wherein the jury were allowed to consider the question as to whether the proofs of loss had been waived by the company. It is admitted that the proofs of loss were not furnished within the sixty days limited by the policy; and consequently the only question raised by the appeal is whether there was substantial evidence of waiver of this policy provision. We think that this question must be answered in the affirmative.

The evidence shows that the assured applied for the policy to Fishburn & Henderson, local fire insurance agents. They were not able to issue a policy in the amount required, but secured it through one Fraser, another local agent, who in turn procured it from C. T. Lowndes & Co., agents of defendant at Charleston. The policy was delivered to assured by Fishburn & Henderson. The fire occurred March 4, 1931, while the policy was in force, and the company was promptly given notice thereof and authorized the Fire Companies Adjustment Bureau, of Columbia, to represent its interest in the adjustment of the loss. This bureau on March 9th sent assured the notice and blank proofs of loss required by the South Carolina statute of March 28, 1930 (36 St. at Large, p. 1310), and shortly thereafter one McCaskill, an adjuster representing the bureau, visited the scene of the fire and investigated the loss, taking with him a contractor to make an estimate of the cost of the buildings which had been destroyed.

The adjuster was given all of the information which he asked and was furnished, upon his request, with a written statement as to the contents of the buildings which had been burned. When it appeared that this statement contained only a partial list of the personal property destroyed, he instructed insured to make up an additional list of the remainder and deliver it to Fishburn & Henderson to be mailed by them to the adjustment bureau. Assured testified that he inquired of the adjuster whether there was anything else to be done by him, and was told that there was nothing else that he could do and that the bureau would take the matter up with Fishburn and go ahead with him. The adjuster, while denying this statement, admits that he directed assured to make a list of the personal property and send it in to him and said nothing about the formal proofs of loss. When asked why he did not direct that the list be sent with such proofs, he replied, "The idea was if I had occasion to go back down there we could go into the details."

Assured prepared the list as directed and delivered it to Fishburn & Henderson, who forwarded it to McCaskill on March 14th in a letter asking him to make out the necessary proofs of loss so that they could have them executed. McCaskill did not reply to this

letter, nor to a letter of March 25th making inquiry as to when proofs of loss might be expected. On March 30th, Fishburn & Henderson again inquired when they might expect proofs of loss; and on April 1st the manager of the bureau wrote them acknowledging receipt of their letters and advising that the bureau was not in position to take any definite steps in reference to the case "as yet." On the trial he admitted that, although he knew Fishburn & Henderson were expecting him to prepare proofs of loss, he did not notify them that he would not do so, because he thought they would tell assured and he did not intend that assured should be told any more than the law required. Assured continued to wait upon the bureau until some time in May, when for the first time the company denied liability under the policy.

■■ Taking this evidence in the light most favorable to the plaintiff, as we must on the exceptions before us, there can be no question as to its sufficiency to take the case to the jury on the theory that the requirement of the policy as to proofs of loss was waived. Not only had the company, through its adjuster, acquired from the assured all of the information which the proofs of loss were designed to furnish, but it had also expressly assured him that no further action on his part was necessary and that it would deal with Fishburn in making the adjustment. Having thus induced in him the belief that no further action on his part was necessary, it ought not be heard to assert that he has forfeited his rights under the policy for failure to take such action. The law on the subject is well settled. We had occasion to advert to it in the recent case of Niagara Fire Insurance Co. v. Raleigh Hardware Company (C. C. A. 4th) 62 F.(2d) 705, 707, where we said: "And we agree, also, that the defendants would be held to have waived the condition requiring that proofs of loss be furnished within sixty days, if failure to comply with such condition resulted in a forfeiture under the laws of West Virginia. They entered into negotiations with plaintiff looking to an adjustment of the loss. In the course of the negotiations they were furnished by plaintiff with plans and specifications of the burned building and other information usually contained in proofs of loss. By their investigation of the fire and through their dealings with plaintiff, they secured all the information which the proofs were designed to furnish; and the negotiations for an adjustment were, in the absence of notice to the contrary, sufficient ground for plain-

tiff's assuming that no further or more formal proofs of loss were necessary. Plaintiff's delay in furnishing the proofs of loss was in a very real sense, therefore, the result of the conduct of the defendants, and it would be unconscionable to allow defendants to take advantage of the delay. If the provision of the policy requiring proofs of loss within sixty days were a condition of recovery, defendants would be held to have waived it by their conduct, or, what is the same thing, would be estopped to assert it. Concordia Ins. Co. v. School District, 282 U. S. 545, 550, 51 S. Ct. 275, 75 L. Ed. 528; Id. (C. C. A. 10th) 40 F.(2d) 379; Firemen's Ins. Co. v. Brooks (C. C. A. 6th) 32 F.(2d) 451, 65 A. L. R. 909; Continental Ins. Co. v. Fortner (C. C. A. 6th) 25 F.(2d) 398; Lusk v. American Cent. Ins. Co., 80 W. Va. 39, 91 S. E. 1078; American Ins. Co. v. Dannehower, 89 Ark. 111, 115 S. W. 950; Helvetia Swiss F. Ins. Co. v. Edward P. Allis Co., 11 Colo. App. 264, 53 P. 242; Teasdale v. City of New York Ins. Co., 163 Iowa, 596, 145 N. W. 284, Ann. Cas. 1916A, 591 and note; 26 C. J. 403; 14 R. C. L. 1348."

■ The argument that the adjuster was without authority to waive proofs of loss is without merit. He was the agent of the company charged with ascertaining and adjusting the loss under the policy, and receiving or waiving the formal proofs which it required was within the real as well as the apparent scope of his authority. Home Insurance Company v. Balt. Warehouse Co., 93 U. S. 527, 546, 23 L. Ed. 868; Perry v. Faneuil Hall Ins. Co. (C. C.) 11 F. 482, 484; Harrison v. German-American Fire Ins. Co. (C. C.) 67 F. 577; Twin City Fire Ins. Co. v. Stockmen's Nat. Bank (C. C. A. 9th) 261 F. 470, 476; Cooley's Briefs on Insurance (2d Ed.) vol. 7, pp. 5955 and 5959.

And there was nothing in the policy, or in the notice calling attention to its provisions, which limited this authority of the adjuster. As was well said by the Circuit Court of Appeals of the Ninth Circuit in Twin City Fire Ins. Co. v. Stockmen's Nat. Bank, supra: "Clauses in insurance policies, prohibiting waiver unless the same is indorsed thereon, refer only to the provisions which enter into the contract of insurance, and they do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice. These may be waived, either by expressed words or by conduct inconsistent with an intention to enforce a strict compliance with the conditions, and which conduct is calculated to lead the insur-

ed to believe that the insurer does not intend to require such compliance. [Citing cases.] And an adjuster sent to adjust a loss presumably has authority to waive proof of loss."

Nothing in the statute which required that the notice be furnished has any bearing upon the matter.

There was no error, and the judgment appealed from will be affirmed.

Affirmed.