José Rodríguez López, Plaintiff and Appellant, *v*. National Fire Insurance Co., Defendant and Appellee.

No. 6978.   Argued April 14, 1937.—Decided April 20, 1938.

*García Méndez & García Méndez* for appellant.   *Brown, González & Newsom* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from an adverse judgment in an action on an insurance policy to recover the value of certain furniture and household goods destroyed by fire.

The first assignment is that the court erred in finding that notice of the fire had not been given immediately as required by the policy. The fire occurred July 21, 1929. The testimony for plaintiff tended to show that he posted a letter addressed to the general agents of the company and personally notified a local agent on that day. This testimony was contradicted by that of the local agent as far as the alleged verbal notice was concerned. In a letter dated July 25 addressed to the general agents, plaintiff stated that he had informed them of the fire in a previous communication dated July 21. Plaintiff was informed by return mail that his letter of July 21 had not been received in San Juan. Other testimony for defendant tended to show that the letter

dated July 21 was received in San Juan August 10th in an envelope post marked Isabela, August 9th. The district court found that the first notice of the fire given by the insured was contained in the letter of July 25th. In this weighing of the evidence we find no manifest error.

The stipulation in the policy that notice of the fire should be given "immediately" meant, of course, that such notice should be given with reasonable promptness or within reasonable time. It may be conceded that a delay of four days, if satisfactorily explained, would not be unreasonable. Plaintiff, however, offered no explanation or excuse but insisted upon the theory of a notice given on the day of the fire. Even if we should hold that notice of the fire was given within a reasonable time and therefore "immediately"—notwithstanding the absence of any explanation as to the delay of four days—this conclusion would not justify a reversal unless the district judge also erred as alleged in the second assignment.

The second assignment is that the district court erred in finding that the insured did not furnish proof of loss within fifteen days after the fire as required by the policy. Plaintiff testified that he posted a letter containing the required statement on July 29. The testimony for defendant tended to show that this letter had never been received. If this were all the evidence to be considered in connection with the question as to proof of loss there would be more force in the argument for appellant. The conflict between plaintiff's testimony to the effect that he posted the letter and the testimony for defendant to the effect that it was never received must be considered in the light of the adverse finding on the question of notice and in the light of other circumstances which may be found in the brief for appellee and in the statement of the case. We find no evidence of passion or prejudice on the part of the trial judge and no manifest error in the weighing of the evidence.

The third assignment is that the district court erred in finding that there was no waiver of the provisions con-

cerning notice and proof of loss. Four days after the fire an agent or adjuster made an investigation and recorded the result in the form of a notarial instrument. The district judge properly distinguished the case of *Ríos* v. *Niagara Fire Insurance Company,* 33 P.R.R. 773, cited by plaintiff and correctly held that the action taken by the agent or adjuster on reading a newspaper account of the fire four days after the event did not amount to a waiver of the provision concerning proof of loss. The present action was commenced in November 1929. In a letter dated May 12, 1931, the attorneys for plaintiff referred to an offer of compromise which their clients had refused to accept and to a promise on the part of the agents that they would write to the company concerning a counter proposition. The attorneys wished to be informed as to what decision had been reached. The agents answered by return mail that an investigation did not justify a compromise for the amount suggested by the attorneys and regretted the impossibility of considering their offer. The district judge properly distinguished the case of *Concordia Insurance Company* v. *School District,* 282 U. S. 545, and correctly held that there was no waiver.

The fourth and fifth assignments are equally without merit.

The judgment appealed from must be affirmed.