# CLEVELAND–CLIFFS IRON COMPANY ET AL. *v.* ARCTIC IRON COMPANY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 75.   Argued November 22, 1918.—Decided December 23, 1918.

A certificate from the Circuit Court of Appeals consisting of recitals of facts interblended with questions of law, or of recitals which fail in themselves to distinguish between ultimate and merely evidential facts, affords no basis under the statute (Jud. Code, § 239) either for answering the questions propounded or for exercising the discretionary power to call up the whole record, and must be dismissed. Certificate dismissed.

THE case is stated in the opinion.

*Mr. A. C. Dustin* and *Mr. Horace Andrews,* with whom *Mr. W. P. Belden* was on the briefs, for Cleveland-Cliffs Iron Co. *et al.*

*Mr. S. W. Shaull* and *Mr. C. C. Daniels,* with whom *Mr. A. C. Angell* was on the briefs, for Arctic Iron Co.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The certificate upon which this case is before us contains what are denominated findings of fact grouped under eighteen paragraphs covering eight pages of the record. Upon these findings we are asked to instruct as to six propositions of law, really amounting to twelve since each is two-fold, that is, stated in the alternative. But we are of opinion that we may not instruct as to these propositions for the following reasons.

In the first place, because we think it is clear that the statements which are declared in the certificate to be findings of fact are in no true sense entitled to that characterization, since the statements amount but to a narrative of facts mixed with questions of law so interblended, the one with the other, as to cause it to be impossible to conclude as to either the law or the facts without a separation of the two, a duty which we may not be called upon to perform in giving instructions upon questions of law propounded under the statute controlling that subject.

In the second place, because even if the admixture of law and fact which inheres in the recitals in the certificate be overlooked, the recitals nevertheless, in and of themselves, fail to distinguish between facts which are merely evidential and those which are ultimate and which for that reason would be susceptible of furnishing support

for the legal propositions as to which instructions are asked.

It is true, indeed, that the statute gives us the discretion, when a case is certified, to direct the sending up of the whole record, but obviously the exercise of that discretionary power is not called for by a case where the certificate is of such a character as not to be embraced by the statute.

It must be, therefore, that this case affords no ground for directing the sending up of the whole record since here the certificate is inadequate to sustain the right to answer the questions stated. To hold to the contrary would be to cause a mistaken exercise of the right to certify specific questions to become the instrument by which the division of powers made by the statute would be disregarded.

The views which we have stated are in accord with the settled rules concerning the power to certify which have prevailed from the beginning. See *Dillon* v. *Strathearn S. S. Co., post*, p. 182, and the authorities therein cited. It follows that the certificate must be and is

*Dismissed.*

MR. JUSTICE CLARKE, dissenting.

I greatly regret that I cannot concur in the conclusion of the court just announced.

That the certificate of the Circuit Court of Appeals is longer and more detailed than is usual is sufficiently explained by the unusual character of the facts in the case and of the questions of law involved. The certificate concludes with this statement:

"However, we consider that No. 5 presents a question of law which is, in the view most favorable to plaintiff, the ultimate one; and we desire that this question be answered, without prejudice from the inclusion of others in this certificate, if it shall be thought that the inclusion of the

others is not in accordance with the practice of the supreme court in this respect."

Question No. 5 is in the alternative, viz:

"5a. When it appeared that the Cliffs had interests and desires pertaining to the new lease which might conflict with the course Kaufman and Breitung desired the Arctic to take, did the Cliffs and Mather perform every duty which by law rested upon him as director of the Arctic and through him upon the Cliffs when Mather withdrew from any further participation in the matter and notified Kaufman and Breitung that they could go ahead and make for the Arctic a contract satisfactory to them, and that the Cliffs and Mather would acquiesce therein? or,

"5b. Was it the duty of Mather as director in the Arctic, either to disclose to Kaufman and Breitung what he had done and the knowledge he had acquired as an officer of the Cliffs and on behalf of the Cliffs, or else to resign as a director in the Arctic?"

While these two questions run into each other and could, perhaps, have been written as one, nevertheless, in my judgment, each presents a question of law, arising upon recited facts, and each is stated with sufficient precision to bring it within the terms of § 239 of the Judicial Code and Rule 37 of this court, and I therefore think that these two questions, at least, should have been answered, or that this court should have required that the whole record of the case be sent up for its consideration.