ELLIOT ET AL. *v.* LOMBARD.

No. 463.   Argued March 6, 1934.—Decided April 9, 1934.

*Mr. Wm. H. McClendon, Jr.,* with whom *Messrs. Wm. A. Van Siclen* and *J. Zach. Spearing* were on the brief, for petitioners.

*Mr. Purnell M. Milner* for respondent.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

Respondent Lombard, owner of motor ship "Lucky Girl" and a sand barge, presented to the District Court, Canal Zone, a libel in rem against the "Real" and in personam against her owner, Elliot, to recover damages resulting from a collision between those vessels—July,

1930. The " Real " was seized under admiralty process; her owner claimed and secured her release under a stipulation, whereon the United States Fidelity & Guaranty Company was surety, which contained the following clause.

" Now, therefore, the condition of this stipulation is such that if the stipulators undersigned, shall at any time, upon the interlocutory or final order or decree of the said District Court, or of any Appellate Court to which the above named suit may proceed, and upon notice of such order or decree to Van Siclen and Boggs, Esquires, Proctors for the Claimant of the said Motorship Real, abide by and pay the money awarded by the final decree rendered by the Court or the Appellate Court if any appeal intervene, then this stipulation to be void otherwise to remain in full force and virtue."

The stipulation also contained the further clause—
" and the parties hereto hereby consenting and agreeing that in case of default or contumacy on the part of the claimant or their surety, execution for the above amount may issue against their goods, chattels and lands."

Elliot filed an answer, also a cross libel against the " Lucky Girl."

After a hearing in open court, Lombard prevailed and had a decree—August 27, 1932, the presently important portions of which follow—

" Ordered, adjudged and decreed, that the libelant herein do have and recover from the respondent herein the sum of $6,321.29, with interest thereon at the rate of 6% per annum from the 31st day of July, 1930, together with the libelant's costs taxed in the sum of $117.20, with interest thereon until paid; and it is further

" Ordered, adjudged and decreed, that unless this decree be satisfied or an appeal taken within ten days after service of a copy of this decree with notice of entry upon the respondent or his proctor, execution issue against

Hans Elliot, respondent, and the United States Fidelity and Guaranty Co., his stipulators for costs and value, their goods, chattels and lands to satisfy this decree; and it is further

" Ordered, adjudged and decreed that the cross-libel herein be dismissed at cross-libelant's cost."

Notice of the entry of this decree was duly served on the proctor August 31, 1932.

September 10, 1932, Elliot alone, without notice to the surety or severance, secured an appeal to the Circuit Court of Appeals, Fifth Circuit. In April, 1933, Lombard moved to dismiss the appeal upon the grounds that the decree was against the claimant Elliot and the surety jointly, that the surety was a necessary party to the appeal but had not been made such, and that the period limited therefor had expired. By way of avoiding that motion the surety then asked to join with Elliot in the prosecution of the appeal and Elliot moved for leave to amend so as to include the surety as party appellant.

The Circuit Court of Appeals regarded the matter thus presented as of uncertain solution but concluded, with some division in opinion, that the decree was joint and in that view regarded our decision in *Hartford Accident & Indemnity Co.* v. *Bunn*, 285 U.S. 169, as controlling, and accordingly dismissed the appeal. The case so relied upon was a suit in equity which was brought to this Court on appeal from the Supreme Court of Mississippi which had awarded a joint judgment for the payment of money against a litigant and his surety. We there said (pp. 178, 182) :

" The judgment is joint in form and no reason appears why either or both of the parties defendant therein might not have appealed to this Court and submitted claims of error for our determination. In matters of this kind we may not disregard the face of the record and treat the judgment as something other than it appears to be. So

to do probably would lead to much confusion and uncertainty."

"We cannot undertake to explore the record to ascertain what issues were relied upon in courts below. So to do would lead to uncertainty and unfortunate confusion. We must accept the terms of the judgment as entered. As pointed out above, this is the approved practice when it becomes necessary to determine whether a judgment is final or to what court a writ of error should run. Like reasons apply and control here."

If the decree in the present admiralty suit were joint, as the judgment in that equity suit was, we should regard the rule there announced and applied as controlling here. But we think the decree in the present suit is not joint within the spirit of that rule. The release stipulation was given by the claimant Elliot under 28 U.S.C. § 754 (Rev. Stat. § 941), and Admiralty Rules 5, 6, 11 and 12 (254 U.S. Appendix), and its purpose was to secure the release to him of the vessel then held under admiralty process. Under the statute and the admiralty rules the stipulation was thereby substituted for the vessel and the latter was released. Had the vessel not been released execution on the decree subsequently rendered would have run against the vessel. By the terms of the stipulation the claimant and his surety consented and agreed that the execution might run against their goods, chattels and lands, instead of against the vessel.

The decree which was rendered is in three parts. By the first the libelant is awarded a recovery of damages in a stated sum, with interest and costs, against the claimant, there called respondent; by the second, execution is awarded against the claimant and his surety "unless this decree be satisfied or an appeal taken within ten days after service of a copy"; and by the third the claimant's cross-libel is dismissed.

The decree is in a form long recognized as admissible in such an admiralty proceeding. The principal part—that which awards a recovery in damages for the collision—is directed only against the claimant Elliot, not against him and the surety. The only mention of the surety is in the dependent and contingent part relating to the issue of execution, and this part of the decree is based upon provisions in Admiralty Rules 5, 12 and 20, under which, where a release stipulation is given and the libelant obtains a decree for the payment of money, summary process of execution may be issued against the principal and sureties for the purpose of enforcing the decree.

We think the decree is to be read in connection with the applicable statute and admiralty rules and that when so read it is not joint. That it might have been made joint is not of present importance. There was no requirement that it be so made, and in fact it was not so made. So, giving effect to the face of the record, as the rule in the *Bunn* case requires, we are of opinion that the Circuit Court of Appeals erred in holding that the claimant's appeal, without the surety joining therein, could not be entertained. The decree of that court is accordingly reversed, and the cause is remanded to it for consideration and disposal on the merits.

*Decree reversed.*