PFLUEGER ET AL. *v.* SHERMAN ET AL.

No. 21.  Argued October 15, 16, 1934.—Decided November 5, 1934.

56

*Mr. John Francis Neylan,* with whom *Mr. Bartley C. Crum* was on the brief, for Pflueger et al.

*Mr. W. H. Lawrence,* with whom *Messrs. Alfred Sutro, Eugene M. Prince,* and *W. L. Stanley* were on the brief, for Sherman et al.

PER CURIAM.

After an extended recital of the allegations of the bill of complaint herein (a copy of which, consisting of seventy-three printed pages, is attached to the certificate) with the statement that it is not clear to the court whether this is a stockholders' suit or one on behalf of the individual complainants, and after a further recital of proceedings in the cause, of the decree rendered in the District Court, and of certain documents filed in the Circuit Court of Appeals after a motion to dismiss an appeal from that decree, the Circuit Court of Appeals has certified to this Court the following question:

" Has the United States Circuit Court of Appeals for the Ninth Judicial Circuit jurisdiction to hear and determine the questions of law and fact involved in said decree of said United States District Court for the Territory of Hawaii, from which decree said appeal was prosecuted and is now pending?

"[The answer to the foregoing question will, we assume, necessarily involve the validity and effect of the above so called ' appearances and waivers ' filed by certain of the complainants in this court: the question of whether or not complainants J. D. Isenberg, Mrs. Paul Isenberg, R. M. Isenberg, Julia Barckhausen Reschke,

Paula Volkmann, Clara Sielcken Schwarz, J. F. Humburg, August Humburg, B. von Damm, F. W. Klebahn, Herman P. F. Schultze, Julie Rudolphi, formerly Julie Hegeler, and Marie Feine, formerly Marie Hackfeld, whose counsel withdrew before the entry of the joint decree against them, and who have not appealed or entered their appearance in this court, are necessary parties, and whether or not the Supreme Court will look beyond the decree to determine whether the suit is a stockholders' suit, and if it is, whether three of the stockholders of the dissolved corporation (appellants) may appeal from the decree without a summons and severance in the lower court.]"

If the decree, set forth in the certificate, be deemed to be joint, and the persons above named, in the absence of summons and severance, to be necessary parties to the appeal, the Circuit Court of Appeals would be without jurisdiction. In that aspect, there would be no occasion for the submission of the question. *Hartford Accident & Indemnity Co.* v. *Bunn,* 285 U. S. 169, 178, 182; *Elliot* v. *Lombard,* 292 U. S. 139, 141, 142.

The question has been certified apparently in order to obtain the decision of several underlying questions, and in the view that the various proceedings, facts and circumstances detailed in the certificate must be examined by this Court to the end that it may determine what effect shall be given to certain " appearances and waivers " filed in the Circuit Court of Appeals, and what effect shall be given to a statement and withdrawal of counsel for certain parties before the entry of the decree against them in the District Court, and that the Court may also determine the nature of the suit, and whether, in the light of these determinations, summons and severance of those not parties to the appeal were necessary.

The certificate fails to conform to the requirement that questions submitted must be questions of law and not

mixed questions of law and fact, and not such as involve or imply conclusions or judgment by the Court upon the effect of facts adduced in the cause, and must be distinct and definite. The Court cannot be called upon to answer questions of objectionable generality, or to review proceedings, facts and circumstances for the purpose of deciding a variety of preliminary questions in order to reach and decide an ultimate question submitted. Rule 37. *Chicago, Burlington & Quincy Ry. Co.* v. *Williams,* 205 U. S. 444, 451–453; *United States* v. *Mayer,* 235 U. S. 55, 66; *Cleveland-Cliffs Iron Co.* v. *Arctic Iron Co.,* 248 U. S. 178, 179; *United States* v. *John Barth Co.,* 276 U. S. 606; *White* v. *Johnson,* 282 U. S. 367, 371; *Wells* v. *Commissioner,* 286 U. S. 529. See, also, *Dennistoun* v. *Stewart,* 18 How. 565, 568; *California Paving Co.* v. *Molitor,* 113 U. S. 609, 616; *Jewell* v. *Knight,* 123 U. S. 426, 432.

The certificate is

*Dismissed.*