**NORTHWESTERN NAT. LIFE INS. CO.**
**v. BAIN et ux.**
**No. 7637.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1935.

Wm. Lipscomb, of Dallas, Tex., for appellant.

A. T. Cole, of Pampa, Tex., and J. R. Porter, of Clarendon, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for relief from provisions for interest in a loan contract. The ground was accelerative usury. The claim was that by casting the loan in the form adopted, of principal sum notes, with interest coupons secured by a first deed of trust and so-called commission notes, secured by a second deed of trust, the lender had put himself in a position where, by accelerating maturities, he could exact usury, to wit, more than 10 per cent. on the money loaned.[1] The defense was, no usury.

It was insisted in defense that the accelerating provisions could not mature and make interest bearing unearned interest on these notes, could not make the loan usurious, for each note provided that "if default is made in the payment of any instalment of interest hereon the legal owner and holder thereof can declare the whole principal and the accrued interest on this note then unpaid, due." It was further insisted that there could be no usury in the second deed of trust and the notes it secured, for they were not interest notes, they were not money paid for the use or detention of money, but true commission notes.

The District Judge took the evidence orally. He sustained appellant in its contention that Oldham, through whose agency the loan money was procured, was the agent of the borrower, and not of

---

[1] Note 1. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W. (2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269; Deming Investment Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287; Attwood v. Deming Inv. Co. (C.C.A.) 55 F. (2d) 180; Commerce Trust Co v. Best (Tex.Com.App.) 80 S.W.(2d) 942; Manning v. Christian (Tex.Com.App.) 81 S.W.(2d) 54.

the lender. That the second lien commission notes were true commission notes, were not disguised interest. He found, however, that provisions in the first deed of trust for accelerating the maturity of the principal notes evidenced an intention, and gave the lender power, to accelerate the maturity of and make interest bearing not only the principal notes, but the interest coupons as well. He thought the provisions in the principal notes that upon failure to pay interest the principal sums and all interest accrued shall become due, effective to negative an intention to charge usury, and to prevent there being any usury if, but only if, acceleration was brought about for failure to pay interest. He thought the provision of the first deed of trust for acceleration on other grounds effective to mature and make interest bearing both principal notes and interest coupons.

He thought the accelerating provisions of the principal notes applied only where the acceleration was for failure to pay interest, and that they were therefore not effective to restrain or limit the effect of accelerating for any other ground the deed of trust provided. He found the loan usurious.

Appellees urge that the provisions in the instrument under construction here, the circumstances, are the same as were those construed in the cases cited in note 1, supra, and as those transactions were, so this must be, held to be usurious. To appellant's position that the Supreme Court of Texas, in later cases, Walker v. Temple Trust Co., 80 S.W.(2d) 935; Lincoln Nat. Ins. Co. v. Anderson, 80 S.W.(2d) 294; Odell v. Commerce Farm Credit Co., 80 S.W.(2d) 295; Southland Life Ins. Co. v. Egan, 86 S.W.(2d) 722, has found no usury, and re-examining the effect and meaning of acceleration clauses, has departed from the rule formerly laid down, appellees reply that these decisions do not mark departures. Each represents merely the result of applying to provisions in particular loan contracts, the principle the earlier cases laid down. They point to the fact that the same judges, in opinions reported in the same volume, applied the same principle to other contracts, and found usury. Commerce Trust Co. v. Best; Manning v. Christian, note 1, supra. They say, further, that if there has been a departure from the earlier rules, this departure has been made since

the judgment appealed from was entered, and under Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528, will not affect it.

We agree with appellees that the Supreme Court of Texas has not, in its recent decisions, departed from the doctrine of the Shropshire and Giddens Cases, that contracts will be held to be usurious if by their terms they provide for the payment of interest in excess of 10 per cent. in the event of an acceleration of maturity. We do not agree with them, however, that the loan papers in question so provide. The principal notes in this case directly negative, as to the interest coupons, the intention to charge or the possibility of charging interest on unaccrued interest in the event of accelerated maturity. They expressly provide that hastened maturity will make collectible only the principal and the interest accrued. This restrictive result of acceleration which the notes declare, is not, as the District Judge thought, confined to acceleration for nonpayment of interest. It inheres in the notes themselves. Definitely characterizing and fixing the contract as nonusurious as to the principal notes, it deprives the acceleration provisions of the first deed of trust of any possible contrary meaning. It gives character and meaning to the provision in that deed of trust for maturing "the whole indebtedness." It permits no other conclusion than that both in intent and in effect this meant what was really owed, the principal notes and interest accrued on them.

So circumstanced as to the principal notes and the first deed of trust, appellees are in even worse case as to the second deed of trust, for by the findings of the court which we think well sustained, the notes it secured were not given for the use, forbearance, or detention of money, but were given for Oldham's services as agent, and therefore cannot enter into the decision of usury vel non. The case here is quite different from Atwood's. That was an appeal from a dismissal of his bill on motion. It was before us only on the pleadings, upon allegations that the so-called commission notes were in fact not commission notes, but interest notes in disguise. Nor did we in that case have before us the principal note. We did not know its terms. We held merely that upon

the allegations of the bill, the contract was usurious, and that it was error to dismiss it. We find no usury here.

The judgment is reversed, and the cause is remanded, with directions to dismiss the bill.

