## NORRISTOWN–PENN TRUST CO. v. COLE et ux.

### No. 7783.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1935.

As Amended on Denial of Rehearing Jan. 23, 1936.

W. M. Bates, of Dallas, Tex., and John Maxwell, of Waco, Tex., for appellant.

Brady Cole and Gaius G. Gannon, both of Houston, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

One of that multitude of suits, claiming usury in acceleration provisions, which have been filed in Texas courts since Shropshire's and Giddens' Cases, Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269, and Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287, were decided, this suit was to cancel notes and deeds of trust appellees had given in 1929 in renewal of loan papers given in 1919 on a $34,000 loan.

The claim of appellees was that all of the second lien notes were for additional interest, that the provisions for shortening their term on maturity made the debt usurious, and that because thereof no interest was or ever had been due by them on the moneys they had borrowed. It was further claimed that all the payments they had made, whether as commission or as interest, had therefore been by operation of law credited to principal, and that except for a small part of it they had paid the debt and freed their property of the liens.

The suit was first filed in a state court against Deming Investment Company in whose name as payee all the loan papers had been made out, and by that company removed to the federal court. There, upon Deming's plea of nonjoinder, alleging that it did not own and never had owned the first lien note and deed of trust, but that Norristown-Penn Trust

Company, successor to Penn Trust Company, was the owner, plaintiffs made them parties defendant to the suit, and thereafter, while both parties, represented by the same counsel, made common defense, Norristown-Penn Trust Company was regarded as the real defendant, and it was against Norristown alone that the substantial relief plaintiffs prayed was granted.

There were voluminous pleadings in which the history of all the transactions, culminating in the 1929 loan, was reviewed. Plaintiffs alleged that the loan transaction it sued to cancel was a culmination of borrowings from Deming Investment Company commenced in 1917. Each borrowing was on an 8 per cent. basis, that is, Deming agreed to lend plaintiffs the moneys at 8 per cent. per annum. Instead, however, of a principal note bearing interest at 8 per cent. per annum, Deming elected a form which made the loan usurious. This form was the execution of a principal note, bearing interest at 6 per cent. per annum until maturity, and 10 per cent. thereafter, represented by interest coupons, and secured by a deed of trust with provisions for accelerating maturity. The other 2 per cent. of the interest was cast in notes, sometimes recited as additional interest, and sometimes as commission notes, bearing interest from maturity at 10 per cent. and secured by a second lien deed of trust containing provisions for accelerating maturity. They alleged that these usurious loan transactions were three: $4,500 in 1917, $34,000 in 1919, and the renewal of the $34,000 in 1929.

Defendants vigorously denied either the intention to exact, or the exaction of usury. They pleaded that Deming had loaned no money to plaintiffs, but had acted throughout as agent for plaintiffs in securing first the loans and then the extension. While admitting that all payments of principal and interest had been made to Deming, defendants asserted that Deming had collected the second lien payments on its own account, and the others merely as a matter of servicing the loans for those for whose account it had made them. Deming at first elected to mature the second lien or "commission notes" of the renewal transaction and sued to foreclose them, but later abandoned this claim and released the notes and lien.

Norristown, also becoming actor, and alleging default in installments of principal and in the payment of taxes, sued to foreclose the $34,000 note. It also sued on a $30,000 note which had been given to Whatley and Deming as part payment by Cole, on his purchase from Whatley to make which the $34,000 loan transaction had been entered into. It claimed that whatever usury there might have been in the $34,000 note, there was none in this note. Plaintiffs, by supplemental pleading, denied that Deming ever was or ever had been their agents, pleaded that Deming was either loaning the moneys for itself, or as partner of or agent for others, and that they were fully cognizant of and bound by its acts. Tendering Norristown back the amount of taxes it had paid, it denied its right to foreclose for them. It denied, too, that the Whatley note had any independent or separate status, alleging that it was a part of the $34,000 loan transaction, and tainted with its usury.

On the merits the claim of usury in the first lien notes and deeds of trust was defended against on the ground that under Dugan v. Lewis, 79 Tex. 246, 14 S.W. 1024, 12 L.R.A. 93, 23 Am.St.Rep. 332, as approved in Shropshire's Case on rehearing, 120 Tex. 412, 39 S.W.(2d) 11, the acceleration clause in each note restricted the effect of acceleration to "this note and all interest thereon accrued." The claim that there was usury in the second lien notes and deeds of trust was defended against on the grounds (1) that these notes were not interest notes; they were commission notes given by the borrower to the Deming Investment Company their agent, for services rendered to them in procuring the loan, and therefore could not make the loan usurious; (2) if they were interest and not commission notes, the acceleration clause would not make the loan usurious, because it would have to be construed in connection with the principal note, the terms of which would prevent the accelerated maturity of unearned interest. Finally, it was insisted that if the loan was usurious so as under the statute to sweep the provisions for interest out of it, leaving it noninterest bearing, not all the payments plaintiffs had made Deming Investment Company, but only those Deming had paid over to Norristown, should be credited on the principal of the note. They insisted that in no event could

moneys paid Deming on account of second lien notes, in which neither Penn Trust Company nor Norristown-Penn Trust Company had ever had any interest, be charged to them and credited on their note.

The District Judge rejected all of these defenses. He concluded that there was usury from the beginning in the loan papers. He found and held that the Whatley note for $30,000 was tainted with the same usury as the others, because part of the general loan transactions. He found and held that this usury consisted in arranging for second lien notes, styled "commission" but in fact interest notes, and for the maturity of all of them upon failure to pay any, thus placing the lender in a position to charge interest on interest unaccrued, to obtain more than 10 per cent. per annum. He found and held that the usury in none of the transactions had been purged, for each was a continuation and renewal of the other, and that Norristown-Penn Trust Company had constructive notice of the contents of all the notes and deeds of trust, and of the usury in them. He found and held that Deming did not act as agent for plaintiffs, but acted for itself and the purchaser of loans from it. He found and held, further, that in taking the loan burdened as it was with the usurious provisions which the second lien notes and deeds of trust created, Norristown took it subject to have credited against it not only the payments made to Deming on the first lien note, but those made on account of the second lien notes as well. He found and held that the application of these payments, $29,033.12 in all, had discharged all of the debt except $4,-966.88 of the last note of the series maturing January 1, 1937. He rejected Norristown's contention that for default in the payment of taxes it had rightfully matured the notes and become entitled to attorneys fees. After making findings that there was usury in all of the notes and transactions, that $29,033.12 had been paid by Cole as interest which should have been credited on the principal, leaving $4,966.88 due on the last note payable as it provided, on January 1, 1937, the decree ordered Norristown to cancel and surrender to Cole the original $4,-500 note, the $30,000 Whatley note, and all of the renewal notes except the last. It ordered that Deming Investment Company cancel the note for $4,000 which plaintiffs had executed to it in 1917. It canceled all liens Norristown held on the properties, except for the principal of $4,-966.88 adjudged as remaining unpaid. It ordered Cole to pay Norristown-Penn Trust Company $301.72 taxes, denied Norristown-Penn Trust Company all the relief that it prayed for, and taxed all costs against both defendants.

Norristown-Penn Trust Company alone appeals from the decree. In limine appellees, on the authority of Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685, moved to dismiss the appeal on the ground that the decree was joint, and Norristown-Penn Trust Company is alone prosecuting the appeal, without securing a summons and severance from Deming Investment Company.

■ We agree with appellant that the decree was not joint, so as to require summons and severance. Brotherhood of Locomotive Engineers v. W. L. Shepherd Lbr. Co. (C.C.A.) 51 F.(2d) 153; Elliott v. Lombard, 292 U.S. 139, 54 S.Ct. 637, 78 L.Ed. 1175. The motion to dismiss is denied.

On the merits, appellant insists that in holding the transactions usurious the District Judge failed to give effect to the provision in each principal note restricting acceleration to principal and accrued interest. It argues that this provision made any usurious acceleration of interest on the principal debt impossible. It insists that the second lien notes and deed of trust were for commissions the borrower had agreed to pay Deming Investment Company and therefore could not make the loan usurious. It insists, further, that if, as found below, these notes were for interest instead of commission, then the acceleration provisions of the second deeds of trust, since they secured interest on the principal notes, must be regarded as limited and restrained by its acceleration provisions. Travelers Insurance Co. v. Greer (Tex.Civ.App.) 83 S.W.(2d) 1020, 1021; D. H. Scott & Son v. Wallace (Tex.Civ.App.) 83 S.W.(2d) 1032; Peoria Life Ins. Co. v. Harton (Tex.Civ.App.) 84 S.W.(2d) 864; Southern States Mtg. Co. v. Lykes (Tex.Civ.App.) 85 S.W.(2d) 780; Cowan v. Wilson (Tex.Civ.App.) 85 S.W.(2d) 823. It argues, too, that whatever it might have been said that the law was in Texas when this suit was filed and judg-

ment entered, the Supreme Court of Texas has in recent decisions [1] clarified the law if it has not changed it, making it clear that transactions of the kind in question here are not usurious.

Conceding for the argument that there was usury in the loan, appellant insists, too, that since it had never owned or had any interest in the second lien notes and had never received payment on any of them, or any interest on interest, but all of this had been paid to and kept by Deming, the only credits which its note could be subjected to would be $20,570 paid to Deming Investment Company for it as 6 per cent. interest on the $34,000 loan, and one $80 note out of the original $4,000 note series. It cites in support of this contention Ward v. Pace (Tex.Civ.App.) 73 S.W.(2d) 959; Commerce Trust Co. v. Best (Tex.Com.App.) 80 S.W.(2d) 942; Western Bank & Trust Co. v. Ogden, 42 Tex.Civ.App. 465, 93 S.W. 1102; and Deming Investment Company v. Giddens (Tex.Civ.App.) 41 S.W.(2d) 260. Appellees, citing Commerce Trust Co. v. Best (Tex.Com.App.) 80 S.W.(2d) 942; Manning v. Christian (Tex.Com.App.) 81 S.W.(2d) 54, deny that the Supreme Court of Texas has departed from the rule of the Shropshire and Giddens Cases. They say further that if it has departed, the departure has been made since the judgment appealed from was entered, and under Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528, cannot affect it. They vigorously affirm that the findings the District Judge made were amply supported by the evidence, and should not be disturbed, and that his conclusions of law were just and sound.

The case was fully heard, partly on oral and partly on deposition evidence, and full and complete findings of fact were made. It will serve no useful purpose to set them out. It is sufficient to say of them that we have carefully examined the record and find them fully supported by it.

We turn, then, to an examination of whether the findings of fact support the judgment entered. We take up first, but to reject it on the authority of Northwestern Nat. Life Ins. Co. v. Bain (C.C.A.) 80 F.(2d) 886, decided December 12, 1935, appellant's contention that the Supreme Court of Texas has departed from the rule of the Shropshire Case that "contracts will be held to be usurious if by their terms they provide for the payment of interest in excess of ten per cent. in the event of an acceleration of maturity." It is true enough that in the multitude of opinions which have been rendered in Texas since that case was decided, many expressions and much reasoning may be found which would indicate that in the view of their writers the rule of usury through acceleration the Shropshire Case laid down would be better honored in the breach than in the observance. It is true, too, that many of them exhibit a plainly marked inclination toward the result announced in Dugan v. Lewis, in accordance with the rule generally prevailing in other states. But it is also true that in the Shropshire Case the great question argued was not the form of the instalments, but the point of whether there could be usury by acceleration. In the later cases the point argued had not been the rule itself but the application of it and whether the particular loans under consideration were in fact usurious under the rule. The number of these cases is legion, the methods of approach to their decision by different judges seem manifold and varied, and one in reading them as they consider and apply the rule of the Shropshire Case is forcibly reminded of the famous dictum, "The bearings of that observation lies in the application of it." [2]

We will not undertake to discuss and reconcile these various decisions nor to point to the conflicts and confusions the attempt to apply the rule is causing. It is sufficient for us to say that the Supreme Court of Texas has, in our opin-

[1] Note 1. Lincoln Nat. Bank v. Anderson (Tex.Com.App.) 80 S.W.(2d) 294; on rehearing Id. (Tex.Com.App.) 81 S.W. (2d) 1112; Braniff Inv. Co. v. Robertson (Tex.Com.App.) 81 S.W.(2d) 45; Reynolds Mortgage Co. v. Thomas (Tex.Com. App.) 81 S.W.(2d) 52, 53; Northwestern Nat. Life Ins. Co. v. Whittington (Tex. Civ.App.) 81 S.W.(2d) 173. Error refused. American Trust Co. v. Orson (Tex.Civ.App.) 65 S.W.(2d) 779. Error refused. Bankers' Life Co. v. Miller (Tex.Civ.App.) 68 S.W.(2d) 574; Palmetto Lumber Co. v. Gibbs (Tex.Civ. App.) 52 S.W.(2d) 120, affirmed (Tex. Com.App.) 80 S.W.(2d) 742.

[2] Note 2. Cf. Majority and dissenting opinion in Welfare v. Realty Trust Co. (Tex.Civ.App.) 85 S.W.(2d) 1067.

892

ion, not departed from the rule of usury in acceleration provisions, and that since under the findings of the District Judge, though denominated commission, the second lien notes were for interest, there is no escape from the conclusion that the loans in question have provided for making unearned interest interest bearing, and thus are and have been from the beginning tainted with usury. Commerce Trust Co. v. Best, Manning·v. Christian, supra, Adleson v. B. F. Dittmar Co. (Tex.Com.App.) 80 S.W.(2d) 939.

A question of greater difficulty arises on the application of payments. There is much of equity in appellant's claim that at most it should be made to credit on the principal of its note only the moneys it has received from appellees. That, charged with knowledge of the usury, and unable to escape from its consequences as it is, these consequences ought not to be stated as obligating it to pay back to or credit plaintiffs with moneys which plaintiffs paid to another under an arrangement potentially usurious indeed, but one which plaintiffs voluntarily entered into, and with the making of which appellant had nothing to do.

Appellees reply that on the facts appellant finds itself in a dilemma, upon neither horn of which can it prevail. Either Deming Investment Company was its agent, and it is liable under the authorities holding that when a lender arranges for usury to be paid its own agent in the guise of commissions, he must credit or pay back not only the amounts paid him, but also those paid to his agent. Fowler v. Equitable Trust Co., 141 U.S. 384, 12 S.Ct. 1, 35 L.Ed. 786; Federal Mtg. Co. v. Bank (Tex.Civ.App.) 254 S.W. 1002; Dayton v. Dearholt, 85 Wis. 151, 55 N.W. 147; 66 Corpus Juris, Usury, § 157; Texas Loan Agency v. Hunter, 13 Tex.Civ.App. 402, 35 S.W. 399; Volunteer State Life Ins. Co. v. Sumner (Tex.Civ.App.) 74 S.W.(2d) 319. Or it is a purchaser of the principal of a loan containing usurious provisions, and may not, when brought to book, say to the borrower who has from the beginning made all his payments to the original lender: "I have bought a usurious loan. I will credit on the principal note only the interest you have paid me on it and not the interest you have paid the original lender on his second lien."

■ We think the facts are as the court below found them. Deming Investment Company was the lender, Penn Trust Company the purchaser of the loan. Deming, except for servicing the loan, did not represent either Penn Trust Company or Norristown-Penn Trust Company. It represented itself in making loans procuring customers for them and servicing those loans as a part of its money lending business. The usury in this case is only potential and not actual. Not a cent of usury was ever exacted or paid to any one. Appellant not only did not exact usury, it did not actually know of the existence in the contract of usury by reason of the acceleration provisions. In an equitable action, as this of plaintiffs is, equitable principles should apply. These principles are those governing actions for moneys had and received. Under these principles appellant should be required to account for only those moneys which it has actually received, and therefore ex æquo et bono it ought not to hold. Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 309 et seq., 55 S.Ct. 713, 79 L.Ed. 1451; Carter Music Co. v. Bass (D.C.) 20 F.(2d) 393; Hartwell Mills v. Rose (C.C.A.) 61 F.(2d) 441, 443.

■ The application of this rule would require that appellant credit all interest payments it actually received but no more. Ward v. Pace, supra, a Court of Civil Appeals decision, writ of error refused, directly sustains this view. The Supreme Court in Commercial Trust Co. v. Best, supra, applied the principle to a suit under the statute, to recover double interest paid. The cases appellees rely on to sustain the view of the District Judge are cases of principal and agent in which the exaction had been really made by the principal for his own benefit, though in the name of and through the agent. Our case of Atwood v. Deming Investment Company, 55 F.(2d) 180, on which appellees strongly rely as deciding this point in their favor, did not do so. In that case nothing appeared from plaintiffs' pleadings but that the payments made to Deming Investment Company were in law payments to the owner of the notes against which relief was sought. We merely held there that the pleadings made out a case as against the motion to dismiss, entitling plaintiff to relief.

The decree was wrong to the extent that it credited on the principal debt payments appellants did not receive. Instead, then, of crediting on the principal $29,033.12, only the $20,570 Norristown-Penn Trust Company received should be credited, leaving due to it on the last maturing note, instead of $4,966.88 as decreed, $13,430.

We think, too, the court erred in denying appellant the right to foreclose its lien for default in the payment of taxes and erred in denying attorneys fees.

Appellees' claim that to permit appellant to foreclose for nonpayment of taxes, and to recover attorneys fees, would be harsh and inequitable, will not, we think, do. Appellees have in an equitable action invoked a harsh rule of law. Rightfully they have gotten the relief they asked, for equity follows the law. Because it does, and only because it does, appellees have been permitted in this suit to in a way have their cake and eat it too. They have been permitted to pay the principal borrowed upon an agreement to pay interest for it by merely crediting interest payments on principal. They have been permitted to do this in a case where there was no usury exacted by any one, simply because, on the face of the contract, there was a provision for contingent usury through acceleration. Upon the face of the contract whose provisions appellees invoke, there was a provision for default for nonpayment of taxes, with the right to foreclose for that default. Here again equity follows the law and enforces the contract.

Holding appellant strictly to its legal obligation to credit on the principal all moneys appellees have paid as interest, it holds appellees in law to their agreement that appellant may foreclose for nonpayment of taxes, and may have attorneys fees where there has been default.

The decree appealed from is reversed, and the cause is remanded, with directions. These are, to enter a decree canceling all of the notes Norristown-Penn Trust Company holds, except the last maturing principal note of the series, and all of the amount due on that except $13,350, and awarding Norristown-Penn Trust Company foreclosure for that amount, together with interest on same from the time the debt was matured for nonpayment of taxes, and for attorneys fees.

Appellant and appellees will each pay half of the cost of the appeal.

Reversed and remanded; appellees allowed additional credit of $80.

The motion for rehearing is overruled.