**OAKLAND COUNTY, MICH., v. HAZLETT.**

No. 7293.

Circuit Court of Appeals, Sixth Circuit.

Jan. 14, 1937.

D. C. Porritt, of Pontiac, Mich. (David C. Pence, of Ferndale, Mich., on the brief), for appellants.

J. C. Spaulding, of Detroit, Mich. (Miller, Canfield, Paddock & Stone, of Detroit, Mich., and Elcock & Martin, of Wichita, Kan., on the brief), for appellee.

Before SIMONS and ALLEN, Circuit Judges, and RAYMOND, District Judge.

SIMONS, Circuit Judge.

In an action at law against the appellant and the Royal Oak Drain District in Oakland County, Mich., by the holder of drain bonds of the same issue as those adjudged valid in the case of Royal Oak Drain District et al. v. Keefe et al. (C.C.A.) 87 F.(2d) 786, No. 7280, this day decided, a judgment was entered below for the plaintiff.

The appeal presents substantially the same issues with respect to the legality of the project under Michigan law for the completion of which the bonds were issued, the validity of the bonds, and the liability of Oakland County for their payment. It presents also the additional question as to whether under the Michigan summary judgment practice the court was in error in rendering judgment, notwithstanding defendant's affidavits of merit, asserted to raise issues of fact requiring decision by court or jury.

Before giving consideration, however, to the controversy, a question relating to procedure on appeal must be determined. Both defendants to the action below were served. The county answered and contested the motion for summary judgment. The drainage district failed to answer, and, after duly filing affidavits of

default and of regularity under Michigan practice, the plaintiff took its default. Upon hearing a joint judgment was entered against the drain district and the county. The county alone appealed, and it alone filed the appeal bond required by the order allowing appeal. There was no summons and severance, nor any notice equivalent thereto. The mere fact that the attorney for the appellant designates himself as attorney for the drainage district, and that the record and briefs are entitled in its name, may not, of course, take the place of an appeal upon petition duly allowed by the district court.

In this situation we have no jurisdiction to entertain the appeal. Hartford Accident & Indemnity Co. v. Bunn, 285 U. S. 169, 52 S.Ct. 354, 356, 76 L.Ed. 685; Estis v. Trabue, 128 U.S. 225, 229, 9 S.Ct. 58, 32 L.Ed. 437; Schlosser v. Hemphill, 198 U.S. 173, 175, 25 S.Ct. 654, 49 L.Ed. 1000; Matthews v. Huwe, 269 U.S. 262, 264, 46 S.Ct. 108, 70 L.Ed. 266. The reasons for the doctrine that in cases at law where the judgment is joint all the parties against whom it is rendered must join in the writ of error or appeal or procure a severance are fully set forth in Masterson v. Herndon, 10 Wall. 416, 417, 19 L.Ed. 953. As was said in the Hartford Accident Co. Case, supra: "The judgment is joint in form and no reason appears why either or both of the parties defendant therein might not have appealed to this Court and submitted claims of error for our determination. In matters of this kind we may not disregard the face of the record and treat the judgment as something other than it appears to be." The doctrine applied by this court in The New York, 104 F. 561, even if applicable here, was overruled in the Hartford Accident Co. Case as being out of harmony with Estis v. Trabue, supra. Compare Elliot v. Lombard, 292 U.S. 139, 54 S.Ct. 637, 78 L.Ed. 1175.

The question being one of jurisdiction, it is not waived by neglect of appellee to raise it. While dismissal for failure to comply with procedural requirements is always to be regretted, it is the less so here, since we are not convinced that determination upon the merits is not foreclosed by our decision in 7280. Cf. Wolfe Construction Co. v. Fersner, 58 F.(2d) 27 (C.C.A.4). Though it be conceded that the affidavits raise issues of fact, such issues would appear to be immaterial in view of the conclusion reached in 7280 upon the character of the drain project therein adjudicated.

The appeal is dismissed.