**HUDSON v. PACIFIC TRUST CO., Limited, et al.**

**No. 8495.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1937.

Earl R. McGhee, of Honolulu, T. H., for appellant.

Stanley, Vitousek, Pratt & Winn, of Honolulu, T. H., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This case is here on appeal from a judgment of the Supreme Court of the Territory of Hawaii reversing a judgment of the territorial circuit court and ordering a dismissal.

From the petition filed in the trial court it is made to appear that about the year 1880 one Emil Wery married an Hawaiian woman whose given name was Hattie. Three children were born of this marriage, Emily Wery Hudson, Julius Wery, and William Wery. In 1895 Emil Wery acquired a long-term lease of certain property in Hilo. This lease was productive of substantial revenue, and it is claimed that the returns from it were invested in other properties acquired by Wery and disposed of by him in his will. The wife, Hattie, died intestate in 1916 and no administration was had of her estate. In the will of Emil Wery, probated in 1930, he left certain residence premises to the wife of his son William, and the remainder of the estate to appellee Pacific Trust Company, in trust, to pay the income to the son

Julius, and the children of Julius and William, and directed that at the expiration of 20 years from the date of the death of the last survivor of any grandchildren living at his death the trust should terminate and the corpus and unexpended income be distributed, one-half to Julius or his descendants and one-half to the children of William. The daughter Emily was left the sum of one dollar.

In 1933 the son Julius Wery and the daughter Emily Wery Hudson brought this suit against the Pacific Trust Company, William Wery, and others. It is averred in the bill that the property disposed of in the will of Emil Wery represented the issues and profits of the lease which, although taken in the name of Emil, in reality belonged to the wife Hattie, and that Emil held this property as trustee in favor of Hattie's children. It was prayed that a trust be declared and that the title to the property be decreed to be in the children of Emil and Hattie. The trial court found in favor of the petitioners and adjudged that title to all the properties should vest in the petitioners Emily Wery Hudson and Julius Wery, and the respondent William Wery, an equal one-third part thereof to vest in each, subject to a one-third dower interest in each of the shares in favor of Kipola Wery, the widow of Emil, whom the latter had married subsequent to Hattie's death. From the decree the respondents, who are appellees here, appealed to the Supreme Court of the territory. In reversing the judgment the latter court entered the following decree: "In the above entitled cause, pursuant to the opinion of the above entitled court filed on the twenty-fifth day of February, 1936, the decree appealed from is reversed and the cause is remanded to the Trial Judge with instructions to dismiss the Bill."

From this decree Emily Wery Hudson prosecuted an appeal to this court. Julius Wery did not join in the appeal. There was no summons and severance, nor does any equivalent notice appear in the record. The appellees have moved for a dismissal.

■■■ The appeal must be dismissed. Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685; Continental & Commercial Trust & Savings Bank v. Corey Bros. Const. Co., 9 Cir., 205 F. 282; Pflueger v. Sherman, 9 Cir., 75 F.2d 84, 89, certiorari denied 296 U.S. 584, 56 S.Ct. 94, 80 L.Ed. 413; Pflueger v. Sherman, 293 U.S. 55, 55 S.Ct. 10, 79 L.Ed. 193. In Hartford Accident & Indemnity Co. v. Bunn, supra, 1932, the Supreme Court reviewed the authorities and again enunciated the long-established practice that appeals from judgments against two or more parties, joint in form, must be dismissed unless all parties against whom the judgment was entered join in the appeal, or unless there is a summons and severance, and that in determining the nature of the judgment the court will not look beyond the face of the record.[1] The decree of the Hawaiian Supreme Court from which this appeal is taken is joint in form, necessarily so since it orders the dismissal of the suit in which Emily and Julius were joint complainants.

In Pflueger v. Sherman, supra, there was a suit by a group of seventeen stockholders of a corporation for an accounting and for other relief, based on the claim that the corporation had been fraudulently stripped of its assets by a sale of its property. The suit resulted in a judgment that the complaining stockholders, naming them, take nothing by the action. As here, part only of the complainants appealed, there being no summons and severance or equivalent notice. The appeal was dismissed. This court, in characterizing the judgment appealed from, said: "A more categorical joinder of parties in a decree could not easily be imagined."

Appeal dismissed.

---

[1] Other recent cases so holding are: United States v. Fidelity & Deposit Co., 295 U.S. 719, 55 S.Ct. 912, 79 L.Ed. 1674; Texas Land & Cattle Co. et al. v. Fort Worth, 295 U.S. 716, 55 S.Ct. 658, 79 L.Ed. 1672; Morgenthau v. Stephens et al., 294 U.S. 720, 55 S.Ct. 542, 79 L.Ed. 1252; Oakland County, Mich., v. Hazlett, 6 Cir., 87 F.2d 795; Wells v. Demeter, 10 Cir., 84 F.2d 673; United States v. King & Howe Inc., et al., two cases, 2 Cir., 78 F.2d 693; Sharp v. Haney, two cases, 8 Cir., 78 F.2d 195; Spurway v. Walker-Skagseth Food Stores, Inc., 5 Cir., 68 F.2d 735; H. E. Wolfe Const. Co. v. Fersner, 4 Cir., 58 F.2d 27.