## TIGHE v. MARYLAND CASUALTY CO.

### No. 8964.

Circuit Court of Appeals, Ninth Circuit.

### Nov. 7, 1938.

Young & Ryan, of Oakland, Cal., for appellant.

Edward F. Treadwell and Reginald S. Laughlin, both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The appellant, Mazilla Tighe, brought an action in the Superior Court of the City and County of San Francisco, State of California, against Ah Chong and Leong Cheung, to recover for personal injuries resulting from a collision with the person of the appellant. The appellee, Maryland Casualty Company, had issued an insurance policy insuring Ah Chong for injuries occurring as result of the operation of his automobile and in loading and unloading the same. While this action was pending the Maryland Casualty Company, appellee herein, brought this action in the Federal Court alleging diversity of citizenship and seeking a declaratory judgment and an injunction prohibiting the parties to the collision from seeking an adjudication of their rights in the pending action in the Superior Court. The trial court granted an interlocutory injunction prohibiting both the plaintiff and the defendants in the action in the Superior Court above mentioned, from further prosecution of that action. The appellant duly petitioned for allowance of an appeal, which was granted. The order was entered July 2, 1938, and the time for appeal expired thirty days thereafter.

The appellee moved to dismiss the appeal upon the ground that there has been no summons and severance, or the equivalent thereof. In response to the motion the appellant filed an affidavit made October 3, 1938, by the attorney representing Ah Chong and Leong Cheung, wherein it is averred that he advised his clients that a petition for leave to appeal had been made and granted, and assignments of error filed, and that his clients expressed to him an unwillingness to join in the appeal. This affidavit is claimed to show that there was the equivalent of summons and severance. Appellant also contends that the new rules of civil procedure effective September 16, 1938 should be applied in determining whether or not the appeal is properly taken, citing rules 74 and 86, 28 U.S.C.A. following section 723c.

Inasmuch as the jurisdiction of this court depends upon application for leave to appeal within thirty days from the entry of the interlocutory injunction (28 U.S.C.A. § 227), it is clear that the rules of civil procedure effective September 16, 1938, would have no application to the jurisdictional question as to whether or not, prior to September 16th, that is, within thirty days of the entry of the interlocutory injunction, this court acquired jurisdiction by an effective appeal. We hold that rule 74 dispensing with summons and severance is not applicable.

The summons and severance, or its equivalent, is essential to give this court jurisdiction of an appeal where there is a joint judgment. Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S. Ct. 354, 76 L.Ed. 685; Elliott v. Lombard, 292 U.S. 139, 54 S.Ct. 637, 78 L.Ed. 1175; Pflueger v. Sherman, 293 U.S. 55, 55 S.Ct. 10, 79 L.Ed. 193. It is clear that the interlocutory injunction here is a joint decree. It prohibits both parties to the Superior Court action from proceeding therein. It is true their interests in going forward in the pending action are different. The defendants therein would no doubt be quite willing to have further proceedings therein enjoined, but an appeal by the appellant alone, if successful, would leave the hands of the defendants tied by the injunction while the appellant would be free to go forward in the action, thus in effect awarding a default judgment to the plaintiff. It follows that the defendants in the state action should either be joined in the appeal or should be severed by summons and severance. It is not contended by the appellant that any steps were taken to sever the interests of the defendants in this action. The most that can be said of the affidavit filed herein is that the appellant's codefendants knew of the appeal and decided not to join therein. Pflueger v. Sherman, 9 Cir., 75 F.2d 84.

It should be added that the appellant relies upon the decision of this court in Richards v. American Bank, 9 Cir., 234 F. 300, with reference to what constitutes the equivalent of summons and severance. We pointed out in Pflueger v. Sherman, supra, page 91, that the Richards Case was wrongly decided and should not be followed.

Appeal dismissed.