## SOUND MARINE & MACHINE CORPORATION v. WESTCHESTER COUNTY.

District Court, S. D. New York.

Jan. 3, 1941.

James H. Hickey, of New York City, for libelant.

William A. Davidson, of Port Chester, N. Y. (Frank J. Claydon, of Mount Vernon, N. Y., of counsel), for respondent.

CONGER, District Judge.

The libelant herein has moved to vacate the interrogatories served and filed by the respondent on the following grounds: (1) That the interrogatories were not served with the respondent's answer; (2) that they do not at this time lie without obtaining leave of the court; and (3)·that the interrogatories are intended as cross-examination and are not the proper subjects of inquiry on the question of damages.

The action was commenced in January, 1933, by libelant, a shore-owner engaged in yacht repair and construction business, to compel Westchester County to lower sewer pipes which allegedly interfered with ingress and egress to shore property at low tide, or to compel payment of damages for alleged unlawful construction and maintenance of the sewer.

The cause was tried in this court, and the libel dismissed on the ground that admiralty did not have jurisdiction of the subject matter of the action. Sound Marine & Machine Corp. v. Westchester County, D.C., 15 F.Supp. 812.

Thereafter the Circuit Court of Appeals for this Circuit reversed the District Court (Id., 100 F.2d 360), which held there was admiralty jurisdiction and directed the District Court to dismiss the libel, upon a new trial, if the sewer pipes had been laid in accordance with an easement from

the state and permit from the War Department, or to award special damages if the terms of the easement and permit had not been complied with. The Circuit Court held that although it would be an improper exercise of admiralty jurisdiction to grant injunctive relief, a decree for compensatory damages would be proper. An application to the United States Supreme Court for a writ of certiorari was denied. 306 U.S. 642, 59 S.Ct. 582, 83 L.Ed. 1042.

The District Court upon the new trial found that the pipes were not laid as required by the permit and entered a decree referring the matter to a Commissioner to ascertain the damages sustained by the libelant. This finding was affirmed by the Circuit Court of Appeals for this Circuit. Sound Marine & Machine Corp. v. Westchester County, 113 F.2d 931.

On October 25, 1940, the respondent served the within interrogatories. The libelant failed to object to them within the ten days prescribed by Admiralty Rule 31, 28 U.S.C.A. following section 723, but by notice of motion, dated November 26, 1940, and served November 29, 1940, moves to vacate them.

The motion is opposed on the ground that the libelant did not object to the interrogatories within the ten days prescribed by Admiralty Rule 31, and that "since under the old admiralty rule the courts were strict in holding that a failure to except within the time limited was a bar to all further rights to object to the interrogatories; thereafter the defaulting party was bound to answer. The practice under the new rule will presumably be the same even though the time is considerably shortened." Benedict On Admiralty, 6th Ed., 1940, vol. 3, p. 24.

The libelant claims that the interrogatories are a nullity, and he does not have to answer or object to them within ten days, since the respondent waived its right to propound interrogatories, except on cause shown; and that the respondent has not obtained the necessary leave of the court before serving them, which was required under the old admiralty rules.

If I find that the new rule (31) applies to the within interrogatories and that respondent may serve the interrogatories, I feel that I should allow libelant's objections to stand, since it is apparent that he was acting in good faith in believing the interrogatories a nullity herein under the old rules, and should not be penalized therefor. Admiralty courts have the authority to exercise their discretion to effect justice in regulating practice. Admiralty Rule 44.

It is my opinion that a procedural rule, such as Admiralty Rule 31, is applicable immediately upon its effective date to all pending, as well as future cases. When the federal courts adopted the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c (September 16, 1938), it was universally held by the courts that as to procedural matters, the new rules applied to further proceedings in pending as well as future cases, unless in the opinion of the courts the application of the rules in a particular case would work injustice. Rule 86, F.R.C.P.; Thermex Co. v. C. F. Lawson, D.C., 25 F.Supp. 414; Commonwealth Trust Co. of Pittsburgh v. Reconstruction Finance Corp., D.C., 28 F.Supp. 645; Tighe v. Maryland Casualty Co., 9 Cir., 99 F.2d 727. Since Admiralty Rule 31 is a procedural rule, the same principle would apply even though there is no analogous rule in admiralty as Rule 86, F.R.C.P. The applicability of Admiralty Rule 31 to the within case at this time does not work any hardship on libelant.

Assuming that new Admiralty Rule 31 (effective September 1, 1939) was inapplicable, and the matter governed by the old rule, the facts in this case are such that the court, upon application and in the exercise of its discretion, would grant leave to respondent to propound the interrogatories after its answer had been served, and the court hereby grants such leave. It might be noted that in this case, the question of damages did not become important until after the Circuit Court handed down its first decision (100 F.2d 360), when it brought out the fact that the libelant might be entitled to compensatory damages, but was not entitled to affirmative injunctive relief.

The amended libel herein contains a general allegation that by reason of the sewer pipes being constructed as they are, the use of libelant's property will be greatly limited, and the amount of marine business which can be done in connection therewith, and the value of its property has been and will be diminished, all to the damage of libelant in the sum of $100,000.

After a careful consideration of the scope of the interrogatories, I have come to the conclusion that the objections to the interrogatories should be disposed of as follows: objections overruled to numbers 1, 2, 3, 9, 12, 15; objections sustained to numbers 6, 7, 8, 10, 11, 13, 14, 16, 17, 18, 24, 26, 27, 28, 29; objections to numbers 4 and 5 overruled to the extent that if plaintiff is going to rely on this type of proof, it should state what it claims the value of the premises was before and after the laying of the pipes; objection to number 19 is overruled to the extent that libelant should state whether or not it had any machinery capable of handling boats with a draft greater than six feet; objection to number 20 is overruled to the extent that libelant should state generally; objection to numbers 21 and 22 is overruled to the extent that libelant should answer yes or no, but should not be required to give items; if answer to number 21 is yes, then objections to numbers 23 and 25 are overruled to the extent that the libelant should state the value he claims the machinery to be, otherwise the objections should be sustained.

Settle order on notice.