**UNITED STATES**
v.
**TITO CAMPANELLA SOCIETA DI NAVIGAZONE.**
**THE TITO CAMPANELLA.**
No. 6822.

United States Court of Appeals
Fourth Circuit.

Argued June 18, 1954.
Decided July 19, 1954.

Hugh S. Meredith, Norfolk, Va. (Vandeventer, Black & Meredith, Norfolk, Va., on the brief), in support of motion.

Hubert H. Margolies, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., Leavenworth Colby and J. Frank Staley, Attys., Department of Justice, Washington, D. C., on the brief), in opposition to motion.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and TIMMERMAN, District Judge.

PARKER, Chief Judge.

This is a motion in an admiralty appeal to allow the owner of a vessel, which has been released pursuant to a stipulation as to value and deposit of cash in lieu of surety bond, to surrender the vessel to the court pending the appeal and withdraw the cash deposited under the stipulation. The facts are that the S. S. Tito Campanella on March 30, 1953 was seized under libel of forfeiture filed by the United States charging violations of sections 808 and 839 of Title 46 of the United States Code Annotated. The vessel was released to the owner on April 15, 1953 upon the posting of a bond and the deposit with the court of $400,000 in cash in lieu of surety and has since been operated by the owner. On March 10, 1954 the District Court entered its decree sustaining the owner's exceptions to the libel and dismissing it. From this decree the United States has appealed to this court and the appeal has been docketed. The owner has made this motion to surrender the vessel to the court and withdraw the cash deposited in lieu of surety on the bond, alleging that this cash was borrowed by the owner at a high rate of interest and that the delay in the termination of the suit resulting from the appeal is working a hardship from which the owner should be relieved.

■ No authority is cited by the owner which supports the procedure proposed; and we know of none. It is well settled that a bond or cash deposit such as is here involved takes the place of the vessel libeled and that, upon the filing thereof, the vessel is discharged forever from the lien which was the foundation of the libel. Elliot v. Lombard, 292 U.S. 139, 142, 54 S.Ct. 637, 78 L.Ed. 1175; United States v. Ames, 99 U.S. 35, 25 L. Ed. 295; The Susana, 4 Cir., 2 F.2d 410, 412; 1 Am.Jur. p. 595; 2 C.J.S., Admiralty, § 113, p. 229. This being true, there is no basis for permitting the exoneration of the surety, or cash deposited in lieu of surety, by the surrender of the vessel. We find nothing to support the owner's contention in the decision of The Ruth, 3 Cir., 20 F.2d 314, which held merely that even where bond is given it is necessary that a decree of forfeiture be entered against the vessel. There is no holding in this case that the bond may be exonerated by surrender of the vessel and the well settled rule in admiralty is clearly to the contrary. Cure v. Bullus, 6 Fed.Cas. pages 979, 980, No. 3486; Lane v. Townsend, 14 Fed.Cas. page 1087, No. 8054; The Nightingale, D.C., 4 F.Supp. 494.

■ We entertain no doubt as to our power to permit the substitution of the vessel for the bond or deposit in a proper case where the interests of justice so require. See Livingston v. The Jewess, 15 Fed.Cas. pages 665, 666, No. 8412. As pointed out by Judge Betts in that case, however, " * * * the stipulator cannot do this at his option (Lane v. Townsend [14 Fed.Cas. p. 1087, No. 8,054] ), nor can it be done by order of the court, merely at the instance of the stipulator and for his relief. He is regarded as voluntarily having made a conventional undertaking with the libellant, which, in the ordinary course of an admiralty action, concludes him from its conception to its completion." In the case at bar no showing has been made which would justify the court in allowing the substitution. The stipulation was filed and the deposit made more than a year ago when the owner deemed it advantageous to have the vessel released. She has been under operation by the owner for more than a year now, and

there is no showing that the filing of the bond or the making of the deposit was the result of any fraud or mistake or that anything has happened in the meantime which would justify the court in relieving against the action taken in securing her release. Clearly the fact that the owner finds the interest rate burdensome is no sufficient ground, nor would be the fact that shipping rates have declined and the owner finds the operation of the vessel unprofitable. To permit the substitution under the facts here appearing would not be justified under any principles of law or equity with which we are familiar and would establish a precedent which might lead to many abuses.

The motion will be denied and the case will be set for hearing on the first day of the October term of this court.

Motion denied.