605 So.2d 941 (1992)
INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, subrogee of B & G Lobster & Shrimp Corp., Appellant,
v.
GENOVA EXPRESS LINES, INC., Appellee.
No. 91-1941.
District Court of Appeal of Florida, Third District.
September 29, 1992.
*942 Charles F. Atwood, III, Miami, for appellant.
Stephen Cahen and Lorenzo Vietio, Miami, for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
FERGUSON, Judge.
As we understand it, the narrow issue presented is whether a carrier of goods which were stolen while in the carrier's possession is relieved from liability where the owner misplaces the bill of lading. We hold that the loss of the bill of lading does not relieve the carrier of liability.
B & G Lobster & Shrimp Corp. purchased lobsters which were shipped from Belize and stored in Miami. B & G contracted with Cole Transport, Inc. to transport the lobsters from Miami to New Jersey. After Cole picked up the shipment, it entered into a contract with Turbo Transportation Systems, Inc. to deliver the goods. Turbo then subcontracted the job to Genova Express Lines, Inc. While in Genova's possession, the tractor trailer full of lobsters was stolen. Insurance Company of the State of Pennsylvania, as B & G's insurer and subrogee of B & G's claim, filed an action for damages against all three carriers.
At the hearing to determine the carriers' liability, the parties stipulated that the goods were stolen while in Genova's possession and the only issues to be tried were Genova's affirmative defenses. Genova's main defense was that B & G was unable to present the bill of lading and, without the bill, B & G had no claim against Genova. B & G admitted that it had misplaced the bill of lading, but denied that Genova was thereby absolved of responsibility. After hearing argument, the court ruled that the bill of lading was the contract between the parties and, consequently, B & G's failure to produce the bill of lading defeated any claim it may have had against Genova.[1] We disagree.
First, B & G should not have been precluded from establishing the contents of the bill of lading after the parties agreed that a bill did exist. A bill of lading, as the trial court correctly acknowledged, is a contract for transportation of goods.[2] Florida law expressly permits the introduction of parol evidence to prove the contents of a contract, where the proponent provides a satisfactory explanation that the original contract was lost or destroyed.[3] § 90.954(1), Fla. Stat. (1991); Williams v. State, *943 386 So.2d 538 (Fla. 1980); In re McCollum's Estate, 88 So.2d 537 (Fla. 1956); Action Fire Safety Equip., Inc. v. Biscayne Fire Equip. Co., 383 So.2d 969 (Fla. 3d DCA 1980); General Motors Acceptance Corp. v. American Ins. Co., 50 F.2d 803 (5th Cir.1931). Here, an officer of B & G provided a satisfactory, and unchallenged, explanation that the contract had been inadvertently misplaced. With that predicate, the trial court should have admitted parol evidence of its contents. See generally Michael H. Graham, Handbook of Florida Evidence § 954.1 (1987).
Further, principles of common carrier liability law are not as harsh as the appellee suggests. Carrier law contemplates the loss of bills and specifically provides for court-ordered issuance of substitute bills of lading where the original bill has been lost, stolen, or destroyed. Uniform Commercial Code §§ 7-402, 7-601(1); 13 C.J.S. Carriers § 403, at 349 (1990). Moreover, the fact that the carrier which lost the goods did not issue a bill of lading does not necessarily relieve it from liability to the person entitled to recover under the bill of lading. 13 C.J.S. Carriers § 462, at 414 (1990).
In conclusion, a carrier's liability for failure to deliver goods is not defeated by the shipper's inability to produce the bill of lading.
Reversed and remanded for further consistent proceedings.
NOTES
[1] The seafood was valued at over $250,000. Genova Express Lines, Inc. paid $120,000 to Cole Transport, Inc. and Turbo Transportation Systems, Inc., but neither B & G nor its insurer received any of that money. The only money B & G received on this claim was $49,000 from its own insurer. Insurance Company of the State of Pennsylvania sought to recover the $49,000 payment as subrogee of B & G.
[2] A bill of lading is a receipt for goods, a contract for their carriage, and is documentary evidence of title to goods. Black's Law Dictionary 168 (6th ed. 1990).
[3] Section 90.954 provides, inter alia, that the original of a writing is not required and other evidence of its contents is admissible when "all originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith."